Jacob Markowitz, J.
The Attorney-General has instituted this proceeding to dissolve the corporate defendant and for incidental relief, under subdivision 12 of section 63 of the Executive Law. The second cause of action is against the president of the corporate defendant individually, seeking injunctive relief in connection with his activity for the corporation, and restraining him from using the title “ doctor ” in connection wih his business dealings with the public. Temporary relief is sought against both defendants enjoining them pendente lite from conducting a medical school or other professional school placement service and against the individual defendant from using the title ‘ ‘ doctor ’ ’ other than in the field of chiropractor.
Defendants have made two cross motions in the alternative. One is for a change of venue to Nassau County. The other is to dismiss the complaint for insufficiency. The cross motions are made on the affidavit of one of the attorneys for defendants. No affidavit is submitted by an officer of the corporate defendant or by the individual defendant.
The cross motion for .change of venue is denied. Not alone is the proceeding properly brought in this county against the individual defendant, but in addition the convenience of material witnesses will be promoted by retaining the proceeding in this court (see, City of New York v. Town of Colchester, 28 Misc 2d 426; CPLR 502).
Examination of the complaint demonstrates beyond cavil that if the facts alleged are true (as must be assumed on the cross motion to dismiss), it states causes of action against defendants.
I am persuaded by the papers that plaintiff’s motion for preliminary relief should be granted. The papers before me adequately demonstrate that defendants, for substantial consideration in money, promised sundry members of the public that defendants would arrange for the admission of the children of these people into medical and dental schools by using defendants’ inside connections and influence with deans and other admission officers of the schools, and that these promises were knowingly false. The schools mentioned by defendants included *1070 a nonexistent one, which defendants falsely asserted would open in September, 1972.
So far as the individual defendant is concerned, the moving papers show that he has a criminal record, and that he has held himself out to have academic degrees (Ph.D and Ed.D) which he does not hold. He does have the degree of Doctor of Chiropractic, but, his application for a license to practice this profession was rejected because of his criminal record. He is presently under indictment.
Reverting to the corporate defendant, it appears that the corporation has failed to make refunds promised parents of students seeking to enter the medical and dental schools who were denied admission; that it has failed to obey a subpoena duces tecum for which conduct it was fined; and that its checks have been returned for insufficient funds. The individual defendant has evaded service of a subpoena; his daughter, the office manager of the corporate defendant, when served with a subpoena, failed to appear.
In these circumstances, plaintiff’s motion is granted to the following extent:
The corporate defendant is enjoined, pendente lite, from conducting the business of a medical school or other professional school placement service in the State of New York.
The individual defendant is enjoined, pendente lite, from holding himself out as a doctor other than in the field of chiropractic.
Except with the permission of and under the further orders of this court, both defendants are enjoined from and may not pay out or cause to be paid out any of the moneys of the corporate defendant and may not sell, transfer, assign or deliver, or cause to be sold, transferred, assigned or delivered the property of the corporate defendant.
A temporary receiver of the corporate defendant will be appointed under the provisions of section 1113 and article 12 of the Business Corporation Law, to preserve the assets of the corporation, pendente lite, with the usual powers and duties of temporary receivers in such cases.
Settle order on one day’s notice. On the settlement of the order the parties may submit any suggestion they may deem advisable concerning the bond of the receiver.