Edward S. Conway, J.
The Attorney-General has instituted this proceeding under subdivision 12 of section 63 of the Executive Law to: (1) permanently enjoin the individual respondents Robert T. Slowek and Lewis E. Zamparelli, doing business as. New York Office of Consumers Interest, the corporate respondent N. Y. O. C. I., Inc., and the individual respondents Robert T. Slowek and Lewis E. Zamparelli as incorporators, officers and directors of the corporate respondent N. Y. O. C. I., Inc., from engaging in certain practices on the grounds that such practices amount to a continuous fraud on consumers; (2) provide for restitution to all aggrieved persons named and unnamed; (3) cancel any certificate filed by the individual respondents Slowek and/or Zamparelli pursuant to section 130 of the General Business Law permitting them to do business under an assumed name; (4) cancel any certificate of incorporation and order the dissolution of the corporate respondent N. Y. O. C. I., Inc.; and (5) restrain, enjoin and prohibit each and every respondent from engaging in any further business in the State of New York until *1099 the terms of the court’s .order are fully complied with, and for costs in the amount of $2,000 against each respondent.
The respondents oppose the instant application and cross-move for an order pursuant to CPLE 6313 for a temporary restraining order preventing the Attorney-General of the State of New York from engaging in a campaign of discrediting the N. Y. O. C. I., Inc. and its publication Consumers Some Improvement Guide.
The complaint of the Attorney-General alleges that the respondents Slowek and Zamparelli are doing business under the assumed name of New York Office of Consumers Interest pursuant to a certificate duly filed in the Albany County Clerk’s office under the provisions of section 130 of the General Business Law. The individual respondents were and are engaged in the business of soliciting advertising from contractors and home repair and improvement businesses for the purpose of publishing a booklet offering the prices of these advertisers. The individual respondents represent and purport this advertising booklet to be a consumers guide to New York State businesses involved in home improvement and repair; said booklet to be distributed among the general public in such locations as supermarkets. The individual respondents mailed some 4,200 solicitation letters to home improvement and repair businesses throughout the State. The mailing also included an application for advertising and a sample of a prepared advertising booklet. It is alleged by the Attorney-General that the solicitation letter is calculated to create the impression that the respondents are a governmental agency involved in the registering and licensing of home repair and improvement businesses in the State of New York. This intent is evidenced by the assumed business name used in the heading of the solicitation letter and the terms “ registered ” and “licensed”; frequent reference to the Attorney-General; fees for registration; and the General Business Law.
It is the further contention of the petitioner that in addition to the mail solicitation, the individual respondents also personally visited businessmen in an attempt to solicit advertising. On these occasions of personal solicitation, respondents repeatedly and falsely represented that their business was approved by the Attorney-General and that they were working in co-operation with the New York State Attorney-General’s office and Assemblymen Fred Droms and Eugene Levy and that they were operating in conjunction with the Capital District Chamber of Commerce. The respondents made little or no attempt to determine whether or not any given business from *1100 whom an application was accepted met any standard as to their reliability.
Numerous complaints and inquiries were received by the Bureau of Consumer Frauds and Protection, some of which are annexed to the moving papers. As a result of the complaints, the Attorney-General initiated an investigation and subpoenaed the individual respondents to give sworn testimony. Subsequently on August 19, 1974, the individual respondents incorporated with the name “ N. Y. O. 0.1., Inc.” with the stated corporate purpose of being ‘ * a private consumers interest group furnishing available information on all industry and publication of consumer information.” Basically, the corporation assumed all the business operations of the New York Office of Consumers Interest at the same address.
“Fraud” is defined by subdivision 12 of section 63 of the Executive Law as any device, scheme or artifice to defraud and any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions. It is the opinion of this court that the acts of the respondents in holding themselves out falsely to be a New York State agency with the ability and intent to investigate and determine whether or not an applicant for advertising in its booklet was reputable and honest, and the implied threat of respondents in the solicitation letter that anyone not appearing in respondents ’ ‘1 consumer guide ’ ’ would be considered by the consuming public tp be dishonest and disreputable, bring them within the class of cases to which subdivision 12 of section 63 of the Executive Law applies, and that there is a sufficient showing of engagement in repeated fraudulent acts in carrying on, conducting or transacting business so as to warrant action pursuant to that section. (See Matter of Lefkowitz v. E. F. G. Baby Prods. Co., 40 A D 2d 364; State of New York v. Remedial Educ., 70 Misc 2d 1068.)
The motion of petitioner is granted pursuant to subdivision 12 of section 63 of the Executive Law, and the cross motion of the respondents is denied.