RAY JEWELRY CO. *v.* DARLING.

1. COURTS—JURISDICTION MAY NOT BE ENLARGED OR DIMINISHED BY COURT RULE.

Common pleas court of Detroit derives all its power and authority from statute creating it, and jurisdiction thus conferred may not be enlarged or diminished by it by rule or otherwise.

2. SAME—COMMON PLEAS COURT—SERVICE OF INSTRUMENT SUED ON NOT REQUIRED.

Copy of written instrument, sued on in assumpsit in common pleas court of Detroit, need not be served on defendant.

Error to Wayne; Toms (Robert M.), J. Submitted April 10, 1930. (Docket No. 48, Calendar No. 34,786.) Decided June 2, 1930.

Assumpsit by Ray Jewelry Company, a Michigan corporation, against Florence Darling and another, in the common pleas court of Detroit. Plaintiff, by certiorari, reviewed, in circuit court, an order sustaining motion to dismiss. Judgment of affirmance is reviewed in this court by plaintiff on writ of error. Reversed, with direction to proceed to trial.

*Collier & Goodman* (*Abram R. Simon,* of counsel), for plaintiff.

*Leo I. Franklin,* for defendant Arthur E. Gordon.

POTTER, J. Plaintiff sued Florence Darling in assumpsit in the common pleas court of Detroit. Personal service was made on defendant, who did not appear either in person or by attorney. Plaintiff undertook to prove its claim. When it appeared

a copy of the written contract between plaintiff and defendant Florence Darling had not been served on defendant, the court, on its own motion, dismissed plaintiff's case. It thereupon removed the cause to the circuit court for Wayne county by certiorari, where the holding in the common pleas court was affirmed. Plaintiff brings error, claiming that the common pleas court was wrong in dismissing its case.

It contends that Rule No. 13a of the common pleas court is not jurisdictional; that, if properly construed, such rule does not require copy of written statements sued upon to be served on defendant, and that the court's construction of the rule is in violation of existing statutes.

Section 13 of Act No. 260, Pub. Acts 1929, provides:

"In every action in assumpsit or trespass on the case instituted in such court by writ of summons, the plaintiff or his duly authorized agent or attorney shall, at the time of instituting such action, file with the clerk of the court a declaration in writing, in such form as shall be prescribed by rule of court and which shall include an itemized statement of the damages claimed. At the same time plaintiff or his agent or attorney shall provide a copy thereof for each defendant named in said suit, one of which copies shall be served on each defendant with the summons issued in such case. * * *

"In every action commenced by writ of summons in such court, except in garnishment proceedings, each defendant in such action shall be required, after service of the writ of summons on such defendant and on or before the return day named in such writ of summons, to file or cause to be filed in the office of the clerk of the court a pleading in writing in such manner and form as the judges may by rule provide. A copy of such pleading shall be

served on the plaintiff or his attorney within such time and in such manner as the judges may by rule provide: *Provided, however,* That the judges may provide by rule that copies of such pleadings be filed with the clerk of the court and by such clerk served on the plaintiff or his attorney by mail or otherwise. * * *

"If any defendant, having been duly served with process, shall fail to plead on or before the return day of such writ of summons, as hereinbefore required, or within such further time as the court may allow, the clerk shall forthwith enter the default of such defendant and the plaintiff may at any time within seven days after the entry of such default prove his claim before the presiding judge of such court, in an amount not exceeding that set forth in the copy of the itemized statement served upon such defendant: *Provided, however,* That when any other defendant in such suit shall have duly pleaded, judgment may be entered against the defendant in default upon the trial of the issue as to the remaining defendants."

Section 2 of Act No. 112, Laws of 1867, provides:

"In all trials, hearings and proceedings in any cause or suit in any court, or before any officer, arbitrators or referees, books of accounts, containing charges or entries for money paid, laid out, furnished, or lent, shall be received and admitted as evidence, and deemed to be evidence of such charges and entries, and that such moneys were so paid, laid out, furnished, or lent, as is [in] such books charged or entered, and of the liability of the person charged therefor, in the same manner and to the same extent as books of account, containing charges for goods, wares or merchandise sold and delivered, are received and admitted as evidence of the sale and delivery of such goods and merchandise, and of the liability of the person charged therefor."

This statute has been continued in force and is now a part of 3 Comp. Laws 1915, § 12541. It may be conceded that the common pleas court was created in pursuance of legislation and derives all its power and authority from it. It may not expand or contract, enlarge or diminish, the jurisdiction conferred upon it by rule or otherwise. Rule No. 13a of the rules of the common pleas court in controversy here provides:

"13 (a). No action in assumpsit shall be accepted for filing unless there be tendered with the præcipe an itemized, dated, statement of claim setting forth all debits and all known credits or admitted counter-claims or set-offs, together with a copy of every written instrument declared upon."

We have been unable to find anything in Rule No. 13a which says a copy of a written instrument declared upon must be served on defendant. Since this case arose, this rule has been clarified by amendment. It follows the court erred in dismissing plaintiff's suit, and judgment is reversed, with costs, with directions to proceed with the trial.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.