Sidney A. Fine, J.
Four motions for a change of venue are before the court.
*427 The action was brought in New York County by the plaintiff, the City of New York, against three counties and six towns of the State, and against the Town Superintendents of Highways of the towns and the County Superintendents of Highways of the counties. There are 18 defendants in all.
The action is one for a declaratory judgment as to the validity and constitutionality of chapter 944 of the Laws of 1960, which purports to amend subdivision a of section K41-37.0 of the Water Supply Act by adding a provision requiring the City of New York “ to remove the snow and to sand the highway surfaces whenever necessary ” of highways and bridges which the city constructed in connection with reservoirs created by the city as part of the “ Delaware Project ”. The highways and bridges are located in the counties and towns which have been made defendants in this action. All the counties and towns involved were made defendants in the present action to avoid multiplicity of suits.
The action, as to defendant, Delaware County, was properly brought in New York County. The county’s claim that the provisions of section 52 of the County Law require the venue, as to it, to be laid in Delaware County is without merit. That section, by its terms, is applicable only to actions against a county for ‘ ‘ damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees ”. The present action for a declaratory judgment is clearly beyond the scope of section 52. The motion of Delaware County, and its Highways Superintendent, for a change of venue, as a matter of right, must accordingly be denied.
The other three motions are made by the Towns of Andes and Colchester and by the Superintendents of Highways of those towns. They rely upon the requirement of section 66 of the Town Law that ‘1 the place of trial of all actions and proceedings against a town or any of its officers or boards shall be in the county in which the town is situated,” Some, but not all, of the other defendants have requested a change of venue to Delaware County, but have failed to move for that relief.
If the Towns of Andes and Colchester and their Highway Superintendents were the only defendants in this action, they would be entitled (except for their waiver, hereafter referred *428 to), to a change of venue on the basis of the provisions of section 66. In view, however, of the fact that this is a single action against..many defendants, including towns in other counties, in order to avoid a multiplicity of suits, a different conclusion would appear to be appropriate. A single action against all the towns and counties affected, in order to avoid multiplicity of actions and inconsistent decisions, obviously serves salutary purposes and should be encouraged. The maintenance of such an action would be impossible, if every town insisted upon its rights under section 66. The action having been properly brought in New York County as to the three defendant counties and their respective Superintendents of Highways, should be allowed to remain in that county, notwithstanding the fact that 4 of the 18 defendants have moved for a change of venue on the basis of the provisions of the Town Luaw. In Brooklyn Borough Gas Co. v. Public Serv. Comm. (175 App. Div. 684, affd. 220 N. Y. 576) the action had been properly brought in New York County as to some of the defendants (just as the instant action has been properly brought here as to the three counties and their Highway Superintendents). A motion by the District Attorney of Kings County, avIio Avas also a defendant, for a change of vunue to Kings County as a matter of right Avas held to have been properly denied, because of the existence of other defendants equally interested in the place of trial. The fact that the instant action presents only issues of law and does not require for its determination the presence here of any representatives of the toAvns, except their attorneys, furnishes an additional reason for denying a change of venue in the circumstances of this case.
Furthermore, the answers of the Toavus of Colchester and Andes and the latter’s Highway Superintendent plead counterclaims against the City of Nbav York, AAhich are required by section 182-a of the Civil Practice Act, to be tried in Noav York County. By pleading these counterclaims, said defendants waived their rights under section 66 of the Toaati Luav. Section 182-a of the Civil Practice Act is applicable to the City of New York (Reeve v. O’Dwyer, 199 Misc. 123). The only moving-defendant who has not thus waived the right to invoke section 66 is the Highway Superintendent of Colchester. He should not be in a better position than the town of Avhich he is only an officer. For the reasons indicated, the four motions for a change of venue are denied. .