HOFFMAN v BOS

1. VENUE—GENERAL RULE—STATUTES.

The general rule on venue is that any county where any defendant is established is proper venue for an action (MCLA 600.1621).

2. VENUE—STATUTES—REVISED JUDICATURE ACT—COURT RULES.

Under the Revised Judicature Act change of venue is primarily treated by court rule rather than by statute (MCLA 600.1641).

3. CONSTITUTIONAL LAW—COURTS—COURT RULES—STATUTES—RULES OF PRACTICE AND PROCEDURE.

A court rule should prevail when it conflicts with a statute on practice and procedure because the function of enacting and amending judicial rules of practice and procedure has been committed exclusively to the Supreme Court by the Constitution and the Legislature may not meddle or interfere with this function save as the Supreme Court may acquiesce and adopt for retention at judicial will (Const 1963, art 6, § 5).

4. COURTS—JURISDICTION—PRACTICE AND PROCEDURE—COURT RULES.

A court rule may not alter a court's jurisdiction, but may alter venue because venue relates to practice and procedure rather than jurisdiction.

5. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT—UNDERLYING PHILOSOPHY.

The Court of Appeals may turn for guidance to the underlying philosphy of the legislation in a case where specific legislative intent is unascertainable.

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Venue §§ 1, 2.
[2] 56 Am Jur, Venue § 42.
[3, 4, 6] 20 Am Jur 2d, Courts §§ 82–86.
  Power of court to prescribe rules of pleading, practice, or procedure. 158 ALR 715.
[5] 73 Am Jur 2d, Statutes § 273.

6. VENUE—STATUTES—REVISED JUDICATURE ACT—COURT RULES—
   PRACTICE AND PROCEDURE—JOINDER OF PARTIES—GOVERNMEN-
   TAL UNITS.

> The Revised Judicature Act is basically a procedural act and
> court rules dominate over statutes on matters of practice and
> procedure; therefore, where suit was brought in one county
> against several defendants including the road commission of
> another county, venue was proper under the court rules as to
> all defendants, despite a statute providing that venue in suits
> brought against governmental units is to remain in the county
> where the governmental unit functions (MCLA 600.1615; GCR
> 1963, 406).

Appeal from Kent, George V. Boucher, J. Sub-
mitted Division 3 October 9, 1974, at Grand Rap-
ids. (Docket No. 18561.) Decided November 7, 1974.
Leave to appeal denied, 393 Mich 804.

Complaint by Pearl S. Hoffman and Corvin Hoff-
man against Jack R. Bos, American Honda Motor
Company, and Barry County Road Commission for
damages resulting from a motorcycle accident.
From denial of its motion for change of venue
defendant Barry County Road Commission ap-
peals, by leave granted. Affirmed.

*Sloan & McCarthy,* for plaintiffs.

*Allaben, Massie, Vander Weyden & Timmer* (by
*Timothy I. Miner),* for defendant Barry County
Road Commission.

Before: ALLEN, P. J., and J. H. GILLIS AND MC-
GREGOR, JJ.

ALLEN, J. Defendant-appellant, Barry County
Road Commission, has filed this interlocutory ap-
peal, by leave granted, from the October 5, 1973
order of the trial court denying its motion for
change of venue. GCR 1963, 401.

Plaintiffs filed suit against all defendants on October 16, 1972, in Kent County Circuit Court, for injuries allegedly sustained by Pearl S. Hoffman in a motorcycle accident on October 17, 1971. She was a passenger on a Honda motorcycle owned and operated by Jack R. Bos, and was allegedly injured when the motorcycle left the road upon which it was traveling, county road 601 (also known as Gilkey Lake Road), at a point about 1/10th of a mile southwest of Cobb Road in Barry Township, Barry County. Plaintiffs claim that Bos was grossly negligent in the operation of the motorcycle. They also claimed that Honda, the manufacturer and seller of the motorcycle, had improperly designed the rear axle. Finally, they claim that the road commission had negligently failed to maintain the county road, apparently in violation of a duty to do so. MCLA 691.1402; MSA 3.996(102) and MCLA 224.21; MSA 9.121.

Barry County filed its answer to the above complaint on December 11, 1972, at which time it also filed a timely motion for change of venue. GCR 1963, 401. Defendant alleged that Barry County, where it exercised its governmental functions, was the proper place for trial pursuant to MCLA 600.1615; MSA 27A.1615, rather than Kent County Circuit Court. This motion was heard January 19, 1973, and an order denying the motion for change of venue was entered October 5, 1973.

The general rule on venue is set forth in MCLA 600.1621; MSA 27A.1621 stating that "except for the actions listed in sections * * * and 1615," any county where any defendant is established is proper venue for an action. Section 1615 is MCLA 600.1615; MSA 27A.1615, and provides as follows:

"Any county in which any governmental unit * * * exercises or may exercise its governmental authority is

the proper county in which to commence and try actions against such governmental units * * * ."

As we have seen, the claim against Barry County is joined with claims against two other defendants, one of whom was a resident of Kent County. Relying upon GCR 1963, 406(2) and MCLA 600.1641; MSA 27A.1641, the trial court exercised its discretion to deny defendant's motion for change of venue. The above statute provides:

"Where causes of action are joined, whether properly or not, the venue may be laid in any county in which either cause of action, if sued upon separately, could have been commenced and tried, subject to separation and change pursuant to and subject to the conditions imposed by court rules."

The related court rule, GCR 1963, 406(2) provides:

"When causes of action are joined and when 1 or more of the causes of action, had separate actions been filed, would not have been proper in the county where venue for the joined action is laid, a defendant may move the court to separate the causes of action so joined and to transfer the cause or causes of action for which venue would not have been proper to a proper county.

* * *

(2) Proper Joinder. If such causes of action were properly joined, the court in its discretion may order, upon timely motion, the transfer of all causes, the separation and transfer moved for, or it may retain the whole case for trial."

The issue presented is one of original impression— which should prevail, § 1615 which mandates venue in Barry County, or § 1641 and GCR 1963, 406 which permit the circuit court to allow venue in Kent County when several causes of action are properly joined?

All three statutory provisions are part of the Revised Judicature Act, 1961 PA 236, effective January 1, 1963. All three sections are new although both §§ 1615 and 1621 reflect the then well-established case law in Michigan. Section 1641 appears to be totally new and a response to solving a recognized difficulty in theretofore provisions on venue.[1] Committee comments accompanying the Revised Judicature Act and explanatory of each section thereof are not helpful in determining whether the Legislature intended § 1641 to be a qualification of § 1615, or whether the Legislature intended to keep § 1615 totally without exception. Standard rules of statutory construction are not persuasive in resolving the conflict. With equal persuasion such rules of construction lead to opposite results. The frequently implied rule that the specific provision of § 1615 prevails over the same general provision of § 1641 is logos favorable to defendant. *Port Huron Mayor v Port Huron Treasurer,* 328 Mich 99; 43 NW2d 77 (1950). Lending to the opposite conclusion is the rule that by specifically excepting § 1615 in enacting § 1621 but not mentioning § 1615 in enacting § 1641, the Legislature intended § 1641 to be a modification of § 1615. Neither do we find helpful the rule of construction that statutes should be read in harmony. *Van Antwerp v State,* 334 Mich 593; 55 NW2d 108 (1952). To us it is equally disharmonious to impute to § 1641 the prefatory words "except for section 1615".

Arguments of public policy—sometimes relied upon as aids to statutory construction—are equally

---

[1] "RJA section 600.1641 is completely new; there is no present Michigan counterpart requiring a separation and change of venue of the causes improperly joined, or even a discretionary change in the case of causes properly joined." Comment, *Venue and Jurisdiction Under the Revised Judicature Act and General Court Rules of 1963,* 8 Wayne L Rev 527, 534 (1962).

offsetting. Admittedly, strong reasons of policy, namely, the added cost and inconvenience of requiring governmental units to defend themselves in distant counties, support the wisdom of § 1615. *Pack, Woods & Co v Greenbush Township,* 62 Mich 122; 28 NW 746 (1886). However, there are strong policy reasons justifying trying all grievances in a single suit. This is especially true today when dockets are crowded. This policy reason was noted in the Committee comment following MSA 27A.1641:

"The joinder of causes of action between the same parties ought to be encouraged in order to facilitate the meritorious resolution in one trial of the various grievances existing between the parties. Obviously, cases will arise where a single trial at one place will not be feasible or desirable. Thus provision is made in the court rules for separation of joined causes of action in proper cases. (See Rule 406.) The broad rule establishing a proper place of venue subject to the separation of joined claims is wise to prevent disputes over proper venue and to direct attention to the real problem of where is the best place to try all or parts of the action."

Indeed, the development of modern communication and ease of transportation renders the policy reasons relied upon in *Pack, Woods & Co, supra,* less persuasive while, at the same time, the recent development of multiple suits and crowded dockets strengthens the policy supporting the provisions of § 1641 and its accompanying court rule. We, therefore, turn to other reasons for determination of the illusory legislative intent.

The Revised Judicature Act was the first full revision of procedural laws since adoption of the Judicature Act of 1915. It is primarily the product of the Joint Committee on Michigan Procedural Revision consisting of some 30 lawyers, judges and

legislators who spent four years developing the new code. Summarizing its contents and its underlying philosophy, Jason L. Honigman wrote as follows:

"From the welter of applicable rules, statutes and common law decisions, the courts and lawyers often found great difficulty in apprehending the true state of the law. Thus, the integration of the statutes and rules and the concomitant codification of many specified procedures is perhaps the greatest single boon of the revision.

"Towards this end, a basic concept was acceptance of the principle that the primary responsibility for the enactment of procedural laws rests with the Supreme Court, rather than with the Legislature." *Procedure— 1963,* 41 Mich SBJ 12, 13 (Oct 1962).

The importance of the rule-making rule in the new code is most fully reflected in the following recommendations covering venue:

*"Conclusion.* Under the new provisions change of venue is primarily treated by court rule rather than by statute. The rules are grouped together and permit greater flexibility than these statutory counterparts."

"The new provisions represent a completely integrated treatment of venue which treatment has been intelligently divided between the statutes and rules. The short, concise and clear provisions are a refreshing breather in the altogether too common one-sentence paragraph statutes prevailing today. This revision shows clearly the positive improvements that can be accomplished by an intelligent discarding of detail and technicalities in favor of provisions which are broad enough to be all encompassing but narrow enough so as not to be ambiguous." Comment, *Venue and Jurisdiction Under the Revised Judicature Act and General Court Rules of 1963,* 8 Wayne L Rev 527, 542.

Supporting the conclusion that change of venue is primarily treated by court rule and not by statute

is the fact that § 1641 is made "subject to the conditions imposed by court rules".

The above background of the code and analysis thereof suggests that the issue posed in the instant case is not a conflict between two statutory provisions but rather is a conflict between the court rule, GCR 1963, 406(2), and the statute, § 1615. This being so, the court rule should prevail. It is well established that Const 1963, art 6, § 5 vests exclusive jurisdiction in the Supreme Court over matters of practice and procedure. Where a rule conflicts with a statute on such matters the rule prevails. *Perin v Peuler* 373 Mich 531, 541; 130 NW2d 4, 10 (1964); *Buscaino v Rhodes,* 385 Mich 474, 483; 189 NW2d 202 (1971); *People v Mordell,* 55 Mich App 462; 223 NW2d 10 (1974).

"The function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court (Const 1908, art 7, § 5; Const 1963, art 6, § 5); a function with which the legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will. *Perin v Peuler,* 373 Mich 531, 541; 130 NW2d 4, 10 (1964).

We are cognizant of a related principle of law that a court rule may not alter a court's jurisdiction, *Ray Jewelry Co v Darling,* 251 Mich 157; 231 NW 101 (1930), but observe that venue relates to practice and procedure rather than jurisdiction. Quoting from *Paige v Sinclair,* 237 Mass 482, 483–484; 130 NE 177, 178–179 (1921), Stevens, *Venue Statutes: Diagnosis and Proposed Cure,* 49 Mich L Rev 307, 317 (1951), said:

" 'The distinction between jurisdiction and venue is plainly established. Jurisdiction is a term of comprehensive import. It concerns and defines the power of judicatories and courts. It embraces every kind of judicial

action touching the subject of the action, suit, petition, complaint, indictment or other proceeding. It includes power to inquire into facts, to apply the law, to make decision and to declare judgment. * * * Venue in its modern and municipal sense relates to and defines the particular county or territorial area within the State or district in which the cause or prosecution must be brought or tried. *It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all.'"* (Emphasis supplied.)

Where, as in the case now before us, specific legislative intent is unascertainable, we may turn for guidance to the underlying philosophy of the legislation in question. We find this to be a desire to introduce flexibility through the use of court rules. GCR 1963, 406(2) provides the flexibility and does so without excepting therefrom § 1615. For us to impute by judicial construction such an exception would be an act contrary to the intent of the legislation. The Revised Judicature Act is basically a procedural act.[2]

As stated earlier, court rules dominate over statutes on matters of practice and procedure.

This Court's construction of the code on this narrow issue preserves most of the policy dictating that venue in suits brought against governmental units is to remain in the county where the governmental unit functions. In most instances only one cause of action will lie and GCR 1963, 406 will be inapplicable. At the same time, our decision in this case allows the flexibility necessary to prevent a multiplicity of suits and in this respect is compatible with the purpose behind the new provision. To rule otherwise would be contrary to the basic intent of the legislation. Lastly, we note that as a

---

[2] *See* Honigman, *Procedure—1963,* 41 Mich SBJ 12 (Oct 1962).

practical matter the county seats of Kent and Barry counties lie only some 31 miles apart.

Affirmed, costs to plaintiffs.

All concurred.