ROBERT B. HARRELL, Plaintiff-Appellee, *v.* BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY *et al.*, Defendants-Appellants.

Fifth District   No. 76-165

Opinion filed April 25, 1977.

John C. Feirich Associates, Chartered, of Carbondale, for appellants.

H. Carl Runge, Jr., and David J. Letvin, both of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308) from an order of the Circuit Court of Madison County denying defendant's motion for transfer of venue to Jackson County under section 8 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 8).

Plaintiff-appellee Robert B. Harrell's four-count complaint against defendants-appellants, the Board of Trustees of Southern Illinois University and certain officers of the university and individual board members past and present, alleged that he was wrongfully terminated as a tenured member of the university faculty, and sought reinstatement to his position and money damages. The complaint alleged that the members of the board live throughout the State of Illinois, and that Madison County is the residence of one of the individual defendants and

the approximate geometric center of the residences of the other defendants.

Defendants made a limited appearance in Madison County Circuit Court for the sole purpose of seeking a transfer of venue. Their motion alleged that the defendant Board of Trustees is a public, governmental corporation with its principal office located in the City of Carbondale in Jackson County, and therefore, in accord with section 7 of the Civil Practice Act, the only proper venue for plaintiff's action is Jackson County. (Ill. Rev. Stat. 1975, ch. 110, par. 7.) Defendants' motion further sought costs under section 11 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 11).

In support of their motion, defendants filed an affidavit of the longtime assistant secretary of the board, which stated:

" * * * [T]he only office of the Board of Trustees of Southern Illinois University is now, and always has been from the date of the creation of the Board to the present time, located in the City of Carbondale, Jackson County, Illinois. Affiant further states that the Board of Trustees of Southern Illinois University does not now nor has it ever maintained an office in Madison County, nor in any other county of the Third Judicial Circuit of the State of Illinois."

Plaintiff filed no affidavits opposing the motion for transfer.

After a hearing, defendants' motion was denied. The circuit court entered an order pursuant to Supreme Court Rule 308(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 308(a)), stating that the order denying defendants' motion to transfer venue involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. The sole question on this appeal is that identified by the trial court in its order: whether section 5 or section 7 of the Civil Practice Act is controlling on the question of venue where a public governmental corporation is joined in a suit with multiple defendants, one of whose county of residence is different from that in which the principal office of the public governmental corporation is located.

■■ As a preliminary matter, we must dispose of plaintiff's contention in his brief that the SIU board of trustees maintains an office in Madison County, and meets regularly there. Despite plaintiff's statement that "[i]t is to place form over substance for the law to close its eyes to the fact [*sic*] that these large state educational institutions each have more than one major physical plant," the assertion that the board has an office in Madison County is not only not supported by the record, but is directly contradicted by the only evidence on the point in the record. We cannot consider this supposed "fact" or plaintiff's arguments that depend on it. (See, *e.g., In re Estate of Shelton*, 19 Ill. App. 3d 542, 311 N.E.2d 780 (4th

Dist. 1974).) At oral argument, plaintiff's counsel abandoned the contention that the defendant board maintained a second principal office in Madison County, and stated that its position was that section 5 was controlling because of the presence in the suit of board members sued as individuals and not in their capacities as board members. It is not disputed that the board is a public governmental corporation.

Section 5 of the Civil Practice Act provides in pertinent part:

> "*Except as otherwise provided in this Act,* every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county * * *." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 110, par. 5.)

Section 7 reads in pertinent part as follows:

> "(1) Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located. * * *" Ill. Rev. Stat. 1975, ch. 110, par. 7.

The parties have treated the question before us as one of first impression, and defendants have referred us to a number of cases from other jurisdictions in support of the proposition that a specific venue provision always prevails over a general one. (See *Shaw v. City of White Hall*, 1 Ill. App. 3d 864, 275 N.E.2d 187 (5th Dist. 1971), where the trial court had held that section 7 governed, but this court dismissed the appeal without reaching the issue.) In a case apparently published after the briefs in the instant case were prepared, *People ex rel. Northbrook v. City of Highland Park*, 35 Ill. App. 3d 435, 448, 342 N.E.2d 196, 205 (1st Dist. 1976), the Appellate Court for the First District held that "Section 5 is a general statute and defers to the more specific section 7 by virtue of its introductory language 'Except as otherwise provided in this Act * * *.'" We must agree. This is simply an application of what our supreme court has referred to as the "settled rule of statutory construction that where there is found in a statute a particular enactment, it is held to be operative as against the general provisions on the same subject either in the same act or in the general laws relating thereto." *People ex rel. Myers v. Pennsylvania R.R. Co.*, 19 Ill. 2d 122, 129, 166 N.E.2d 86, 90 (1960).

■■ Without citation of authority, plaintiff contends that because section 7 does not expressly advert to a situation such as the present one in which there are individual defendants in addition to the public, municipal, governmental or quasi-municipal corporation, that section is inapplicable here. We think, however, that section 7 means exactly what it says, and that when such a corporation is sued, the action must be brought in the county where its principal office is located.

Plaintiff poses several hypothetical situations in which, he asserts, anomalous results would be reached were section 7 applied. These are imaginative and mostly state causes cognizable only in the Court of Claims. According to plaintiff, the trial should take place some 100 miles from defendant board's principal office, plaintiff's residence and place of employment, and the situs of the alleged contractual breaches and tortious acts. We agree with defendants that it is this construction, in this real case, which would result in an anomaly.

For the foregoing reasons, the order of the Circuit Court of Madison County denying the motion for transfer of venue is reversed, and the cause is remanded to that court with directions to allow the motion to transfer and to consider the question of costs. Ill. Rev. Stat. 1975, ch. 110, par. 11.

Reversed and remanded with directions.

CARTER, P. J., and EBERSPACHER, J., concur.