PAUL A. WINSTON, Plaintiff-Appellee, *v.* PAUL MITCHELL *et al.*, Defendants.—(WALTER MINOR, Defendant and Counterplaintiff-Appellee; THE TOWNSHIP OF RICHMOND *et al.*, Defendants and Counterdefendants-Appellants.)

First District (5th Division)    No. 76-1048

Opinion filed September 2, 1977.

Judge & Schirott, Ltd., of Park Ridge (William W. Kurnik and Jay S. Judge, of counsel), for appellants.

Lane & Munday, of Chicago (John J. Munday, of counsel), for appellee.

John G. Phillips, Ltd., of Chicago (Michael L. Bolos, of counsel), for appellee Walter Minor.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308) from an order of the Circuit Court of Cook County denying two motions for a change of venue and identifying the following questions of law for our review:

(1) Where a county is sued in an action with multiple defendants and the action is brought other than in the county sued, must the county's motion for a change of venue to a court of general jurisdiction in that county pursuant to the specific provisions of section 31 of "An Act to revise the law in relation to counties" (hereinafter the Counties Act) (Ill. Rev. Stat. 1975, ch. 34, par. 601) and section 7 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 7) be granted; or may this motion be denied pursuant to the provisions of the general venue statute, section 5 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 5) which permits venue in the county of any defendant joined in good faith?

(2) Where a township is sued in an action with multiple defendants and the action is brought other than in the county where the township is located, must the township's motion for a change of venue to the county of its principal office pursuant to the specific provisions of section 7 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 7) be granted; or may this motion be denied pursuant to the provisions of the general venue statute, section 5 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 5), which permits venue in the county of any defendant joined in good faith?

We reverse.

The questions identified for our review arose under the following circumstances. On June 22, 1975, plaintiff, a resident of McHenry County, was a passenger in an automobile being driven by Paul Mitchell, who was also a resident of McHenry County. The vehicle collided with an automobile being driven by Walter Minor, a Cook County resident, at an intersection within the geographic limits of Richmond Township. Richmond Township is located and has its principal office in McHenry County. Subsequently plaintiff brought an action in Cook County seeking damages from Paul Mitchell, Walter Minor, the Township of Richmond and the County of McHenry for personal injuries sustained in the accident. The negligence theory advanced against defendant Richmond

Township and defendant McHenry County in this action was their failure to post intersection warning signs and permitting a stop sign to be obstructed by foliage. Defendant Minor's residence formed the basis for venue being laid in Cook County. Thereafter Richmond Township moved for a transfer of venue to McHenry County under section 7(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 7(1)), and McHenry County filed a motion under both section 7(1) of the Civil Practice Act and section 31 of the Counties Act (Ill. Rev. Stat. 1975, ch. 34, par. 601) requesting the same change of venue. These motions were denied on the bases that: (1) defendant Minor was joined in good faith; and (2) venue was properly laid under section 5 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 5). Richmond Township and McHenry County then filed an application for leave to appeal pursuant to Supreme Court Rule 308 from the interlocutory order denying their motions for a change of venue from Cook County to McHenry County and identifying the aforementioned questions of law.

We agreed with the court below that there was a substantial basis for a difference of opinion over these questions and that an immediate appeal from the order could materially advance the ultimate determination of the litigation. Consequently we granted leave to appeal.

OPINION

I

■■ With reference to the second question identified for our review, Richmond Township argues: (1) that the first sentence of section 7(1) of the Civil Practice Act grants it the privilege of having venue fixed in McHenry County since its principal office is located in McHenry County; (2) that this section should be given application in the instant action because its language makes application mandatory; and (3) that this section should be given application instead of the first paragraph of section 5 of the Civil Practice Act because (a) it is more specific than that paragraph of section 5, and (b) that paragraph of section 5 defers to the more specific first sentence of section 7(1) by virtue of the paragraph's introductory phrase: "Except as otherwise provided in this Act * * *." Therefore, concludes Richmond Township, the court below erred in denying its motion to transfer venue to McHenry County.

The first paragraph of section 5 of the Civil Practice Act provides:

"Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the

transaction or some part thereof occurred out of which the cause of action arose." (Ill. Rev. Stat. 1975, ch. 110, par. 5.)

The first sentence of section 7(1) of the Civil Practice Act provides:

"Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located." Ill. Rev. Stat. 1975, ch. 110, par. 7(1).

The language employed in these provisions is clear and unambiguous. We agree with defendant that the quoted portion of section 7(1) should be given application in the instant action over the quoted portion of section 5 because the language of the former is mandatory in nature, the first sentence of section 7(1) is more specific than the first paragraph of section 5 and this paragraph of section 5 defers to the more specific first sentence of section 7(1) by virtue of the paragraph's introductory language. See *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 448, 342 N.E.2d 196.

Plaintiff admits that section 7(1) should control over section 5 in certain instances but argues that it should not do so in the instant case. In this argument, plaintiff first points to section 7's Historical and Practice Notes (Ill. Ann. Stat., ch. 110, par. 7, Historical and Practice Notes, at 66-67 (Smith-Hurd 1968)), and quotes the following passage:

"When two public corporations which are indispensable parties defendant have their principal offices in different counties, a problem arises. Can venue be properly laid in either county, despite the affirmative language of section 7(1), in the light of sections 5 and 9 of the Act (Ch. 110, §§5, 9), or did the legislature intend that the action cannot be maintained at all unless one of the corporations waives its venue objection? The sensible viewpoint would seem to be that the legislature must have intended that section 7 should be considered in pari materia with sections 5 and 9 respecting the fixing of venue in multiple defendant cases. It is to be noted, however, that although by definition a private corporation is a 'resident' of specified counties for venue purposes (Ch. 110, §6(1)), and therefore clearly falls within the multiple defendant provisions of sections 5 and 9, no similar definition appears in section 7. However, the legislature could not have intended to make a public corporation immune from suit in a multiple public-corporation defendant case merely because of the accident that the principal offices of two or more public corporation defendants are in different counties. The term 'principal office' as used in section 7(1) must have been intended to be synonymous with the term 'residence' employed in sections 5 and 9 as respects multiple defendants in different counties."

Then plaintiff points to section 9 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 9), and argues that if section 5, section 7(1) and section 9 are read *in pari materia*, then: (1) section 5 should be construed as being the general venue provision and as providing the general test for permissible joinder; (2) section 7(1) should be construed as providing only for the situation in which an action involves a single defendant who is a public, municipal, governmental or quasi-municipal corporation; (3) section 9 should be construed as providing for the application of section 5's general test in all instances where there are multiple defendants and two or more reside in different counties; and, consequently, section 9 dictates that section 5 controls over section 7(1) in the instant action.

In this argument plaintiff overlooks the opening lines of the Historical and Practice Notes passage he points to:

"When two public corporations which are indispensable parties defendant have their principal offices in different counties, a problem arises." (Ill. Ann. Stat., ch. 110, par. 7, Historical and Practice notes, at 66. (Smith-Hurd 1968).)

We believe this passage sets the subject for the entire paragraph, *viz.*, situations involving public corporations, each of which are indispensable parties and each of which have their principal offices in different counties. In a number of respects this is not the situation we face in the instant case. For example, we find no indication in the record before us that Richmond Township and McHenry County have their principal offices in different counties. Indeed, the record before us can only be interpreted to indicate the opposite. This difference is alone sufficient to cause us to conclude that the paragraph quoted by plaintiff is not applicable in the instant action. Additionally, plaintiff overlooks the fact that section 9 is not applicable to the case at bar since it deals solely with preserving a denial of a change of venue motion as a ground for reversal on appeal. While there are many other flaws in plaintiff's argument which we could point out, those presented suffice to show that it lacks merit. Accordingly, under the circumstances of the case at bar we hold that the court below erred in denying Richmond Township's motion to transfer venue to McHenry County.

## II

The other question identified for our review involves only McHenry County and presents two issues: (1) must section 31 of the Counties Act (Ill. Rev. Stat. 1975, ch. 34, par. 601) be applied in the instant action instead of section 5 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 5); and (2) must section 7 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 7) be applied in the instant action instead of section 5 of the Civil Practice Act.

■■ Surprisingly, in its initial brief McHenry County does not argue that the first sentence of section 7(1) of the Civil Practice Acts grants it the privilege of having venue fixed in McHenry County since its principal office is located there. In fact, in its initial brief this defendant states that section 7(1) "applies only to public corporations and not counties." Then in its reply brief this defendant states that if we should conclude that it is a corporation within the purview of section 7(1), it adopts the argument made with respect to defendant Richmond Township and relies on section 7(1) as support for its position. Unfortunately for this defendant Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)) provides that issues not argued in the initial brief are waived and cannot be argued in the reply brief. This rule has been consistently applied in order to insure that issues on appeal are fully and properly presented and argued. (See *People ex rel. Rappaport v. Drazek* (1975), 30 Ill. App. 3d 310, 317, 332 N.E.2d 532.) It is true that this defendant's motion for a change of venue before the court below relied upon both section 31 of the Counties Act and section 7 of the Civil Practice Act. However, by granting leave to appeal from the interlocutory order denying this motion pursuant to Supreme Court Rule 308 and thereby indicating our intention to review both issues contained in the question pertaining to McHenry County, we did not relieve this defendant of its responsibility to argue both issues on appeal. We hold that Supreme Court Rule 341(e)(7)'s waiver provision is applicable in Rule 308 appeals and that the issue involving the interaction of sections 5 and 7(1) of the Civil Practice Act in the question presently under consideration is waived.

With reference to the issue involving the interaction of section 31 of the Counties Act and section 5 of the Civil Practice Act, McHenry County argues that the first sentence of section 31 grants it the privilege of having venue fixed in McHenry County since the instant action is transitory in nature; that this provision should be given application in the instant action instead of the first paragraph of section 5 because section 31 is a special venue provision and section 5 is a general venue provision; and that section 31, while not mandatory in nature on its face, has been construed to have mandatory application and hence should be given application in the instant action instead of section 5. Therefore, concludes defendant, the court below erred in denying McHenry County's motion for a change of venue.

The first sentence of section 31 of the Counties Act provides:

> "All actions, local or transitory, against any county, may be commenced and prosecuted to final judgment in the circuit court in the county against which the action is brought." (Ill. Rev. Stat. 1975, ch. 34, par. 601.)

The first paragraph of section 5 of the Civil Practice Act provides:

"Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." Ill. Rev. Stat. 1975, ch. 110, par. 5.

We agree that the word "may" in the first sentence of section 31 of the Counties Act has been construed to mean "must." Such an interpretation of "may" makes section 31's first sentence imperative in nature and requires suits brought against counties to be brought in the circuit courts of those counties. (*Board of Supervisors v. Young* (1863), 31 Ill. 194, 197; *Randolph County v. Ralls* (1856), 18 Ill. 29, 31.) However, the first paragraph of section 5 of the Civil Practice Act also contains mandatory language and it has been construed to have mandatory application to all venue questions—the only exceptions being those expressly provided by the Civil Practice Act. (See *Martin-Trigona v. Roderick* (1975), 29 Ill. App. 3d 553, 555, 331 N.E.2d 100.) Since section 31 of the Counties Act is not located in the Civil Practice Act, it is not one of the exceptions referred to in the *Roderick* construction of section 5. Furthermore, McHenry County concedes in its initial brief that defendant Minor was joined in good faith. Hence he is not a "dummy defendant" and we are not faced with a situation in which he was joined solely for the purpose of fixing venue in Cook County. Thus we are confronted with two mandatory provisions but one, section 5, supports the denial of McHenry County's motion for a change of venue, and the other, section 31, would require us to reverse the order denying this motion if we apply it instead of section 5.

■■ The solution to this dilemma is to be found in rules of statutory construction. It is well settled that statutes which relate to the same subject are *in pari materia* and should be construed together as though they are one statute even if they were enacted at different times. (See, e.g., *Spring Hill Cemetery v. Ryan* (1960), 20 Ill. 2d 608, 615, 170 N.E.2d 619; *Chrysler Credit Corp. v. Ross* (1975), 28 Ill. App. 3d 165, 172, 328 N.E.2d 65.) Both section 31 and section 5 deal with the same subject matter, *viz.*, venue, and are therefore *in pari materia*. Consequently we will construe them together, as though they were one statute.

Another rule of statutory construction is that where there is a specific statutory provision, and where there is a general statutory provision either in the same or another act which relates to the same subject that the specific provision relates to, the specific provision should be applied. See, e.g., *People ex rel. Myers v. Pennsylvania R.R. Co.* (1960), 19 Ill. 2d 122, 129, 166 N.E.2d 86; *Ashton v. County of Cook* (1943), 384 Ill. 287, 298, 51

N.E.2d 161, *cert. denied* (1944), 322 U.S. 731, 88 L. Ed. 1566, 64 S. Ct. 944.

■■ Construing the first sentence of section 31 and the first paragraph of section 5 together we find that the former is a specific venue provision and that the latter is a general venue provision. Since section 31 is the specific provision, it should be applied. Applying section 31 to the issue before us, we find that the court below erred in denying McHenry County's motion for a change of venue.

Plaintiff and counterplaintiff Minor advance several additional arguments in support of the order appealed from. After a close analysis of all of these arguments we find them to be either so speculative, inapposite, or unpersuasive that they do not merit discussion.

For the reasons stated, we reverse and remand this cause to the Circuit Court of Cook County with directions to transfer the cause to the Circuit Court of the Nineteenth Judicial Circuit of Illinois, which encompasses McHenry County, for further proceedings.

Reversed with directions.

LORENZ and MEJDA, JJ., concur.