OPINION OF THE COURT
Aaron E. Klein, J.
Defendant, Voorheesville Central School District (Voorheesville), moves for an order severing the action against it (CPLR 603), and for an order changing the venue specified by plaintiff (CPLR 511, subd [b]).
An interesting question is posed by the defendant in its motion which arises out of the intertwined facts alleged by the plaintiffs. The question is, when two defendant school districts from different counties are sued together, should the court order severance since a conflict in venue (CPLR 504) necessarily occurs?
As the motion is made after only a summons has been served, there is some difficulty in setting forth the facts of the *517 underlying action; yet, the plaintiffs have provided the court with copies of the two notices of claim previously served on the defendants which furnish an adequate view of the facts alleged. These facts are reiterated by plaintiffs’ counsel, Michael W. Kessler, in his affidavit dated November 22, 1978. (The court notes the movant does not rebut or otherwise challenge the facts, and the entire CPLR is premised on the tenet that inexpensive and speedy determination of civil proceedings will be fostered [cf. CPLR 104].)
The plaintiffs allege that Frederick Coonradt was a member of the defendant, Averill Park High School football team, and was injured while participating in a game played at, and against the defendant, Voorheesville, on October 1, 1977.
The defendant, Voorheesville, provided a physician who examined him, diagnosing a concussion. It is alleged at that time he exhibited a "classic symptom of neurological and vertebra damage.” No hospitalization or treatment occurred, and in the subsequent weeks he participated in practice though he still showed classic signs of neurological damage. He played in the game on the next Saturday, was struck, exhibited the same symptoms, and later hospitalized with several fractured cervical vertebra. Thus, the thrust of the lawsuit is that plaintiff, Frederick D. Coonradt, was injured in the Voorheesville game, improperly treated and diagnosed by the Voorheesville doctor, and the defendant, Averill Park School District (Averill) failed to take appropriate steps to evaluate the injuries which resulted in exacerbation of the injuries.
The proper venue of an action against a school district is in the county in which the school district is situated. (CPLR 504, subd 2.) Despite the mandatory form of statement of the rules contained in CPLR 504, it is quite clear that they have absolutely nothing to do with jurisdiction and they are subject to change by the courts on the grounds specified in CPLR 510. (2 Weinstein-Korn-Miller, NY Civ Prac, par 504.02; see, also, e.g., Town of Hempstead v City of New York, 88 Misc 2d 366, 368.) Here, the plaintiffs and defendant Averill reside for the purposes of venue in Rensselaer County, while defendant, Voorheesville, resides in Albany County.
The defendant, Voorheesville, does not allege any specific instances of prejudice. Of course, it is implicit that officials of the school district will be to some degree inconvenienced. However, there would, in any event, be the same inconve *518 nience to the other officials attendant if the litigation was venued in Albany County. The court recognizes that both school districts are part of the capital district, relatively close to one another, and minutes away from the Rensselaer County Courthouse. The defendants, Averill and Rocco Montesano, Jr., join with plaintiff in opposing the motion. Their counsel, William E. Noonan, Esq., in his affidavit dated November 21, 1978 recognizes that a granting of the motion would result in a duplicity of actions.
The court is mindful that in all probability a motion for a joint trial or consolidation of the actions, if severed, would be made in the future. Furthermore, to a large extent a duplication of disclosure would occur, if severance, is granted, the defendants undoubtedly would cross-claim, and a possibility of inconsistent results would arise.
Where, as here, a conflict between two venues occur, the court is empowered to place venue in one of the counties. (Matter of Civil Serv. Employees Assn. v New York State Public Employment Relations Bd., 65 Misc 2d 544, 546, affd 39 AD2d 971.) On balance, this court concludes judicial economy, and the interests of justice weigh heavily in favor of one trial to be held in one of the counties. Of course, if it subsequently develops through disclosure or otherwise that substantially different issues of law or fact exist then, in that event, this court will entertain a renewal of this application.
Based on the foregoing, the motion is denied.