THE COUNTY OF FULTON, Plaintiff-Appellant, *v.* THE PRAIRIE PLAN PROJECT, Defendant-Appellee.

Third District   No. 79-56

Opinion filed December 31, 1979.—Rehearing denied February 8, 1980.

James E. Lloyd, of Claudon, Lloyd & Barnhart, Ltd., of Canton, for appellant.

Allen S. Lavin, James B. Murray, and Jack Shankman, all of Metropolitan Sanitary District, of Chicago, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The question presented by this interlocutory appeal is the propriety of an order of the Circuit Court of Fulton County changing venue of this cause to Cook County, Illinois.

In 1970, the Fulton County Board enacted an ordinance to regulate transporting, storage, use, and disposal of sewage sludge within the County of Fulton. The ordinance provides for inspections and tests and requires persons who engage in the transportation, storage, use, and disposal of sewage sludge to obtain a permit upon payment of a fee. The Metropolitan Sanitary District of Greater Chicago has acquired 15,528 acres of farm land in Fulton County where it operates its Prairie Plan Project. This experimental project employs 200 people and recycles municipal sewage to rebuild land previously depleted by strip mining. The Metropolitan Sanitary District obtained permits as required under the ordinance for the years 1974, 1975, 1976, and 1977, but in 1978 the District did not apply for a permit although operations continued at the Prairie Plan site. Apparently the District sought to test the validity of the Fulton County ordinance.

As a consequence the County of Fulton filed a declaratory judgment action in the Circuit Court of Fulton County, naming as defendant "The Prairie Plan Project, a Division of the Metropolitan Sanitary District of Greater Chicago, a corporation." Plaintiff county sought to have its ordinance declared valid and to have defendant enjoined from operating without a permit. It should be noted that "The Prairie Plan Project" is not a legal entity and is not a division of the Metropolitan Sanitary District of Greater Chicago, but is merely the term used to describe the Chicago District's operations in Fulton County. Defendant has proceeded both in the trial court and in this court as if the suit had named the defendant District correctly.

Defendant responded to the complaint with a motion to transfer venue to the Circuit Court of Cook County. After hearing arguments, the trial court granted defendant's motion and filed a well-reasoned opinion explaining the decision. Plaintiff then perfected this interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308). The trial court has identified the following issue for review:

> "What county is the proper venue under the provisions of §601, ch. 34 and §7(1) of Chap. 110 of the 1977 Illinois Revised Statutes when the plaintiff is a county and the defendant is a municipal corporation doing business and having an office in said plaintiff county, but with its principal office located in a different county."

The general statutory provision governing venue is contained in section 5 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 5):

> "Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

This general rule must give way to the more particular provision controlling actions against governmental corporations contained in section 7(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 7(1); *Harrell v. Board of Trustees* (1977), 48 Ill. App. 3d 319, 362 N.E.2d 441; *People ex rel. Village of Northbrook v. City of Highland Park* (1976), 35 Ill. App. 3d 435, 342 N.E.2d 196.) The relevant portion of section 7(1) states:

> "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located." Ill. Rev. Stat. 1977, ch. 110, par. 7(1).

Clouding the picture in the instant case is section 31 of the Counties

Act (Ill. Rev. Stat. 1977, ch. 34, par. 601), which provides in part as follows:

"Any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant in such action resides."

Both parties agree that the word "may" in section 601 was construed to mean "shall" by the supreme court in *County of Schuyler v. County of Mercer* (1847), 9 Ill. 20, and, therefore, that a county is required to commence suit in the county of the defendant's residence.

● 2 Plaintiff contends that section 31 controls the venue of this cause, that by virtue of its numerous activities, defendant is a resident of Fulton County within the meaning of section 31, and that the trial court erred when it made a finding of fact to the contrary. Looking first at the applicability of section 31, we are mindful of the holding in *Winston v. Mitchell* (1977), 53 Ill. App. 3d 206, 368 N.E.2d 460, where the court ruled that section 5 of the Civil Practice Act and section 31 of the Counties Act are in *pari materia* and are to be construed together. Section 7(1) of the Civil Practice Act is one of the exceptions for which section 5 expressly provides (*cf. Martin-Trigona v. Roderick* (1975), 29 Ill. App. 3d 553, 331 N.E.2d 100), and section 31 of the Counties Act is not one of those exceptions because it is not located in the Civil Practice Act. (*Winston v. Mitchell.*) We believe the rule of statutory construction which states that statutes relating to the same subject are to be construed together as though they are one statute, is just as applicable here as it was in *Winston*. In both cases, venue statutes are involved. Application of the rule here requires that any apparent discrepancies between the two sections be resolved in favor of compatability, where possible.

■■ The conflict between the language in section 31 of the Counties Act and section 7(1) of the Civil Practice Act can be resolved by construing the term "principal office" in section 7(1) as being the place where a municipal corporation "resides" within the meaning of section 601. This interpretation means that a municipal corporation, such as defendant, can have only one principal office for venue purposes. Actions brought against a municipal corporation must be filed in the county where that office is located regardless of whether plaintiff is a county or not. We conclude, therefore, that the trial court correctly allowed defendant's motion for a change of venue, and the order is affirmed.

Affirmed.

ALLOY and BARRY, JJ. concur.