LAWRENCE LAWLESS, Plaintiff-Appellee, *v.* THE VILLAGE OF PARK FOREST SOUTH *et al.,* Defendants-Appellants.

First District (2nd Division)   No. 81—2486

Opinion filed on rehearing July 27, 1982.

Judge, Kurnik & Knight, Ltd., of Park Ridge, for appellants.

Lawrence Lawless, of Chicago, for appellee.

JUSTICE DOWNING delivered the opinion of the court:

A conflict between the general venue provision and a specific venue provision is presented by this interlocutory appeal. (Ill. Rev. Stat. 1981, ch. 110, pars. 2—101, 2—103(a).)[1] We hold that the general provision must prevail in order to prevent a chaotic multiplicity of litigation.

Plaintiff Lawrence Lawless, a resident of Will County, filed a complaint in the circuit court of Cook County alleging causes of action for trespass to land, conspiracy to commit trespass to land, and violation of the Illinois Antitrust Act (Ill. Rev. Stat. 1981, ch. 38, par. 60—1 *et seq.*). According to the allegations of the amended complaint, the property which is involved in this litigation is located in Will County, and is between the villages of Park Forest and Park Forest South.

Defendant Village of Park Forest is a municipal corporation located substantially within Cook County, with its principal office located in Cook County. Park Forest is not a party to this appeal. Defendants Village of Park Forest South and Forest Preserve District of Will County are municipal corporations located in Will County, with their principal offices in Will County. Defendants Charles Notarus and Joe Meredith are officers of the Village of Park Forest South. Meredith is a resident of Will County; Notarus is a resident of Cook County. Defendant Fred Henize is an officer of the Forest Preserve District and resides in Will County. No other defendants are involved in this appeal.

---

[1]Effective July 1, 1982, sections 5 and 7(1) of the Civil Practice Act were recodified under the cited statute identification. There was no language change.

Defendants Village of Park Forest, Village of Park Forest South, Forest Preserve District of Will County, and the officers of these municipal corporations moved for a transfer of venue to the circuit court of Will County. The circuit court of Cook County denied these motions, and all of these defendants, with the exception of the Village of Park Forest and its officer, sought permission for an interlocutory appeal. The circuit court certified two questions for interlocutory appeal under Supreme Court Rule 308 (73 Ill. 2d R. 308), and we granted leave to appeal.[2]

On April 20, 1982, we issued a Rule 23 order vacating the orders of the circuit court denying the motions for transfer of venue. We remanded the cause to the circuit court with directions to determine whether the Village of Park Forest was joined as a defendant in "good faith" as required by section 2—101 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 2—101.) On remand, the circuit court took more evidence on the venue issue, and on April 29, 1982, issued a written order containing findings of fact and conclusions of law. The court found that the Village of Park Forest was joined as a defendant in good faith, and again denied the motions for transfer of venue to the circuit court of Will County. On May 11, defendants filed in this court a timely petition for rehearing of our April 20, 1982, decision. Defendants supplemented the record on appeal with the report of the proceedings conducted by the trial court on remand. We granted the petition for rehearing, in the interest of judicial economy, to address the questions originally certified for review by the circuit court.

---

[2]The following are the questions certified for review:

1. Where three municipal corporations are sued in Cook County and one of the municipal corporations has its principal offices in said county, and two municipal corporations have their principal offices in Will County, are the two municipal corporations located in Will County entitled to change of venue pursuant to section 2—103(a) (Ill. Rev. Stat. 1981, ch. 110, par. 2—103(a)) [formerly section 7(1) of the Civil Practice Act], or may the two foreign municipal corporations be denied a change of venue pursuant to section 2—101 (Ill. Rev. Stat. 1981, ch. 110, par. 2—101) [formerly section 5 of the Civil Practice Act], permitting venue in the county of any defendant joined in good faith?

2. Are officials of a Will County municipal corporation otherwise properly served as individuals in Cook County pursuant to section 2—101 * * * entitled to a change of venue in the event that the municipal corporations they represent are also entitled to change of venue pursuant to section 2—103(a)?

I

The defendant municipal corporations contend that the circuit court erroneously denied their motions for transfer of venue, arguing that transfer is required by section 2—103(a) of the Code of Civil Procedure. Plaintiff contends that the circuit court properly denied the motions based on section 2—101 of the Code of Civil Procedure. Ill. Rev. Stat. 1981, ch. 110, pars. 2—101, 2—103(a).

Section 2—101 is the general venue provision. It fixes venue in either the county of residence of any defendant joined in good faith and with probable cause for the purpose of obtaining a judgment against the defendant, or in a county where part of the cause of action arose. Section 2—103(a) grants special treatment to public corporations, including municipal corporations. It provides: "Actions *must* be brought against a \*\*\* municipal \*\*\* corporation in the county in which its principal office is located." (Emphasis added.)

The conflict between these two provisions in the context of the facts of this case is plain. If section 2—103(a) is applied, the Will County municipal defendants will be entitled to insist on transfer of venue to Will County, while the Cook County municipal defendant will be entitled to insist on venue remaining in Cook County. The result would be division of this case into multiple cases.[3] Alternatively, if section 2—101 is applied, plaintiff will be permitted to proceed in a unified action against all defendants in Cook County.

Defendants Village of Park Forest South and Forest Preserve District of Will County contend that, since they are municipal corporations with principal offices in Will County, they are entitled to transfer of venue to Will County. They argue that the language of section 2—103(a) is mandatory, that the specific language of section 2—103(a) controls over the general language of section 2—101, that case law holds section 2—101 inapplicable to municipal corporations, and that public policy requires a municipal corporation to be sued in the county where it resides. Plaintiff contends that the circuit court correctly denied the motion for transfer of venue.

We find defendants' arguments to be unpersuasive. Since this case involves a question of first impression, we must evaluate the ramifications of the alternative contentions. Upon doing so, it is clear that the position urged by defendants would create chaos in the courts. We doubt that the General Assembly intended such a result. Further, we disagree with defendants' contentions that case law holds section 2—

---

[3]We note that the Village of Park Forest, not a party to this appeal, filed a motion to transfer venue to Will County.

101 inapplicable to municipal corporations, and that public policy requires a municipality to be sued only in the county where it has its principal office.

As plaintiff correctly notes, acceptance of defendants' interpretation of section 2—103(a) would create judicial chaos. In this case, application of defendants' theory would lead to two separate cases. Situations can easily be postulated in which far more than two separate cases would have to be created. (See, *e.g., Getto v. City of Chicago* (1981), 92 Ill. App. 3d 1045, 416 N.E.2d 1110.) Creation of this multiplicity of actions would add confusion to the litigation process and exacerbate the problem of overcrowded court dockets. See *Hoffman v. Bos* (1974), 56 Mich. App. 448, 453-54, 224 N.W.2d 107, 110.

The only case law dealing with conflicts between sections 2—101 and 2—103(a) involves situations in which the defendant municipal corporations all resided in the same county. *Winston v. Mitchell* (1977), 53 Ill. App. 3d 206, 368 N.E.2d 460, is illustrative. It involved an automobile accident in Richmond Township, McHenry County. The defendants were an individual resident of Cook County, an individual resident of McHenry County, the Township of Richmond, and the County of McHenry. The complaint was filed in the circuit court of Cook County, with plaintiff contending that venue was proper under section 2—101 due to the joinder of the individual resident of Cook County.

The appellate court held that venue lay in McHenry County. Relying on the fact that both municipal corporations had their principal offices in McHenry County, the court held that the specific venue provision of section 2—103(a) controlled over the general provision of section 2—101. The court, citing the Historical and Practice Notes to section 2—103(a) (Ill. Ann. Stat., ch. 10, par. 7, Historical and Practice Notes, at 66-67 (Smith-Hurd 1968)), recognized that a problem would exist if multiple defendant public corporations had their principal offices in different counties. See also *Harrell v. Board of Trustees* (1977), 48 Ill. App. 3d 319, 362 N.E.2d 441; see generally *County of Fulton v. Prairie Plan Project* (1979), 80 Ill. App. 3d 441, 399 N.E.2d 982.

Relying on 56 Am. Jur. 2d *Municipal Corporations* sec. 855 (1971), defendants argue that public policy requires that municipal corporations have an absolute right to venue in their home county. The basis of this policy is to allow municipal officials "to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation." Modern cases have discounted this policy, noting the existence of mod-

ern communications and the ease of transportation (*Hoffman v. Bos* (1974), 56 Mich. App. 448, 453, 224 N.W.2d 107, 110), and stating that "[m]unicipal officers are no different from any other citizens who may be forced to travel in order to defend lawsuits in counties other than where they reside." (*Peaceman v. Cades* (1979), 272 Pa. Super. 568, 571, 416 A. 2d 1042, 1044.) These cases have also noted the modern policy against piecemeal litigation due to crowded court dockets. *Hoffman v. Bos* (1974), 56 Mich. App. 448, 453, 224 N.W.2d 107, 110.

Other jurisdictions with modern venue statutes have held that the right of governmental defendants to insist on venue in their own county is not absolute, and must yield in cases of multiple governmental defendants from different counties. New York has a venue provision similar to sections 2—101 and 2—103(a) of our Code of Civil Practice (N.Y. Civ. Prac. Law secs. 503, 504 (McKinney 1976)), and has reached this result. (*In re Application of Southern Tier Legal Services* (1979), 100 Misc. 2d 1068, 420 N.Y.S.2d 591; *Coonradt v. Averill Park Central School District* (1979), 98 Misc. 2d 516, 414 N.Y.S.2d 242; *City of New York v. Town of Colchester* (1961), 28 Misc. 2d 426, 212 N.Y.S.2d 667, *aff'd* (1962), 16 App. Div. 2d 772, 228 N.Y.S.2d 462.) One court reasoned, "A single action against all the towns and counties affected, in order to avoid multiplicity of actions and inconsistent decisions, obviously serves salutory purposes and should be encouraged." *City of New York v. Town of Colchester* (1961), 28 Misc. 2d 426, 428, 212 N.Y.S.2d 667, 670.

In contrast, Florida venue is governed by the common law rule that in an action against a governmental entity, venue is only proper in the county of the entity's principal office. (*Carlile v. Game & Fresh Water Fish Com.* (Fla. 1977), 354 So. 2d 362, 363-64.) Florida courts have rigidly held that where multiple governmental units with principal offices in different counties are joint defendants, each governmental entity is entitled to defend the action in its own county. (See, *e.g., State Department of Transportation v. Bromante* (Fla. App. 1979), 365 So. 2d 388.) The courts have criticized this rule which causes a multiplicity of litigation, but feel compelled to follow it. See, *e.g., Lake County v. Friedel* (Fla. App. 1980), 387 So. 2d 514, 515.

We believe the idea that municipal corporations should not have to defend themselves in other jurisdictions must be considered on a case-by-case basis. Modern transportation and means of communication no longer support the principles developed in the horse and buggy age. Therefore, we conclude that defendants' proposed interpretation of sections 2—101 and 2—103(a) must be rejected. When multiple public corporations, as defined in section 2—103(a), with principal offices in

different counties are joined as defendants in a single action, sections 2—103(a) and 2—101 must be read *in pari materia* (together). In such situations, the "principal office" of a public corporation is equivalent to its "residence" under section 2—101. (See Ill. Ann. Stat., ch. 110, par. 7, Historical and Practice Notes, at 67 (Smith-Hurd 1968).) Accordingly, in such a situation, venue is proper in the county of residence of any public corporation joined in good faith. This is especially so when the municipalities and counties are adjoining. Thus, the circuit court properly denied the motions of defendants Village of Park Forest South and Forest Preserve District of Will County for transfer of venue to Will County.

## II

It is unnecessary for us to address the second certified question for review, since it is premised upon our reaching the contrary result in section I above.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.