WALTER P. HORNE AND OTHERS, AS THE BOARD OF WATER COMMISSIONERS FOR THE VILLAGE OF SUSPENSION BRIDGE, N Y., RESPONDENTS, *v.* THE CITY OF BUFFALO AND JOHN MARTIN, AS STREET, COMMISSIONER, ETC., APPELLANTS.

*Polluting the waters of a river by discharging sewage therein — where the venue of an action, brought to restrain the nuisance, should be laid*

An action was brought to restrain the city of Buffalo from collecting large quantities of sewage and refuse matter, and daily depositing and dumping the same into the current of the Niagara river, and thereby polluting and rendering the same unfit for domestic use by the village of Suspension Bridge, represented by the defendants ; a motion was made to change the place of trial from the county of Niagara, where the municipal corporation of the plaintiffs was situated, to the county of Erie, in which the defendant was situated.

*Held,* that as this was an action for a nuisance, it must be tried in the county in which the subject-matter of the action was situated ; that the venue should be changed to the county of Erie.

That the county in which the foul substances were deposited in the river, and not the county where the nuisance was caused thereby, was the county in which the venue should be laid.

That while it was true that no cause of action arose in favor of the plaintiffs until the water of the river was corrupted and became unfit for use at the place where the plaintiffs' village drew its supply therefrom, yet that was only a consequence arising from the defendant's unlawful act which was done at another place.

APPEAL from an order of the Niagara County Special Term, denying the defendants' motion to change the place of trial from the county of Niagara to the county of Erie.

*W. F. Worthington & Frank C. Laughlin*, for the appellants.

*W. Caryl Ely*, for the respondents.

BARKER, P. J.:

The complaint charges the defendants with maintaining a nuisance. This action is to restrain the defendants from continuing the same. The city of Buffalo authorizes its officers to collect, in large quantities, refuse matter, street sweepings, and other foul material which is habitually and almost daily deposited or dumped into the current of Niagara river, thereby as the plaintiff alleges, polluting and rendering unfit for domestic use the waters of the said river at several places above the falls. The plaintiffs, as the board of water commissioners for the village of Suspension Bridge, have the charge and management of the water system for that village and draw the supply from Niagara river at a point above the falls in the county of Niagara. The complaint also alleges that the impure and foul matter and substances so deposited by the defendants are carried by the current of the river down to the place where such water supply is drawn from the said river by the plaintiffs, rendering the same foul and unhealthy and unfit for domestic use. For the purposes of this appeal, it must be conceded that the place of dumping the said material into the river is in the county of Erie. Both of the defendants claim that the proper place of trial of this action is in the county of Erie, under the provisions of sections 982 and 983 of the Code of Civil Procedure. If either defendant may demand, as matter of right, that the trial should take place in Erie county, then the motion should have been granted, for the plaintiff cannot defeat this right, as to one of the defendants, by joining with him another party who cannot also insist that the trial should take place in another county. (*People* v. *Kingsley*, 8 Hun, 233.) By section

982 it is provided that an action for a nuisance must be tried in the county in which the subject of the action, or some part thereof is situated. The question is, is the subject of this action situated in the county of Erie, where the foul substances are deposited in the river, or in the county of Niagara, where the water polluted by the said substances is taken from the stream for the use of the inhabitants of the village of Suspension Bridge? The subject of an action, as that phrase is used in this section, is that which is to be directly affected, in case the relief demanded by the plaintiff is granted, as in an action of ejectment the land described in the complaint or in an action for a nuisance the object or structure mentioned and alleged to have been unlawfully constructed or erected, or the action, practice or doings of the defendant, which are charged to be illegal and are stated in the complaint as the foundation for the relief demanded.

In most instances the subject of a nuisance has a situs and is in some way or manner connected with, or attached to the realty and is capable of a local description, so that the precept which may be issued by the court to carry its judgment into effect, may designate the object or structure, which is to be abated by the officer to whom the precept is directed. By the common law an action for a nuisance is regarded as local in its nature and the venue is required to be laid in the county where the nuisance was situated. (*M. and I. N. Co.* v. *Douglas,* 2 East, 502; *Warren* v. *Webb,* 1 Taunt., 379; *Vt. and Mass. R. R. Co.* v. *Orcutt,* 16 Gray, 116; *Queen* v. *Cotton,* 102 Eng. Common Law [1 Ellis & E.], 202.

Before the Code this rule prevailed in this State. If the defendants were to be prosecuted criminally for their unlawful action, as charged in the complaint, the indictment would have to be found and tried in the county of Erie, where the acts charged to be unlawful, were committed. A right of action in the nature of the common law writ for a nuisance, is preserved by section 1660 of the Code of Civil Procedure. (See, also, 2 R. S. [3d ed.], 427, § 1.) The judgment in such an action may be for damages or for the removal of the nuisance, or both.

The plaintiffs in this action seek to restrain the defendants from repeating the unlawful acts complained of, which if granted will be effectually to abate or discontinue the nuisance described. The

provisions of section 982 apply to all actions brought to abate a nuisance, whether the action is legal or equitable in its character. The intention of the legislature to make an action for the abatement of a nuisance local, is clearly manifested by classifying it with actions which are, in their nature, local, such as ejectment and waste.

I am clearly of the opinion that the nuisance described in the complaint is situated in the county of Erie at the place where the defendants are in the habit of damping foul substances in Niagara river. The defendant Martin is the street commissioner for the city of Buffalo and a public officer. All his official duties as prescribed by the charter of the city of Buffalo, are to be performed within its corporate limits which are also within the county of Erie. It is not alleged that he did any act in his official capacity outside of the limits of the city of Buffalo, and, as to him, I think the proper place of trial, is the county of Erie as provided by section 983. By that section all actions against a public officer for an act done in virtue of his office, must be tried in the county where the cause of action or some part thereof arose. It is often a difficult question to determine where the cause of action arises. A breach of the terms of a contract gives a right of action to the party who is injured thereby, and the place where the contract was to be performed and the breach took place, is the place where the cause of action arises. (*Hibernia Nat. Bk.* v. *Lacombe*, 84 N. Y., 367.)

This action as to the defendant, Martin, is based upon his action as a public officer, and the judgment demanded is that he, as street commissioner, be restrained from dumping refuse material, etc., in the Niagara river above the place where the plaintiffs draw their water supply therefrom. This is an action *ex delicto*, and the defendant Martin has not committed any trespass upon the plaintiff's property, nor has he done or performed any act in Niagara county which has resulted in an injury to the plaintiff. He is charged with doing an unlawful act in the county of Erie, which has resulted in a damage to the plaintiffs. It is true, as argued by the counsel for the plaintiffs, that no cause of action arose in their favor until the water of the river was corrupted and became unfit for use at the place where they draw their supply therefrom. But that is one of the consequences arising from the defendant's unlawful act done at another place. Whatever may be the form of action, the breach of

duty or unlawful act complained of is substantially the cause of action. (*President, etc.* v. *R. & W. R. R. Co.*, 10 How., 9.)

The order should be reversed, and the place of trial changed to Erie county.

HAIGHT, J., concurred; BRADLEY, J., concurred in the result on the last point stated; DWIGHT, J., dissented.

Order reversed and motion granted.