THE OHIO & MISSISSIPPI RAILWAY COMPANY

·V.

WILLIAM S. COMBS.

43  119
142s 187

*Railroads—Negligence—Flowage of Crops—Solid Embankment.*

1. Where there is evidence of injury by water coming from different sources by different causes and all creating damage, the jury in a given case must be left at liberty to estimate, as best they may, from the evidence, how much of the whole damage was occasioned by the water coming from a particular source from a particular cause. The same rule must be applied when the court tries the case without a jury.

2. Where an injury has been caused by an act in one county, to land situated in another county, the venue may be laid in either.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. POLLARD & WERNER and RAMSEY, MAXWELL & RAMSEY, for appellant.

Messrs. TURNER & HOLDER, for appellee.

PHILLIPS, P. J.   The facts in this case with reference to the course of the stream and the filling of the trestle and its effect is the same as in that of the foregoing case, and we do not repeat them here.   The main contention was as to whether the filling of the trestle caused an increased flow of water toward plaintiff's land, and thereby caused the overflow or aided to cause an overflow of the same.   It is apparent from this evidence that several causes combined to cause this overflow, and we find in this record sufficient evidence to warrant the verdict that the filling in of the trestle tended to increase the flow of water toward plaintiff's land, and contributed to his damage.   On the authority of C. & N. W. R. Co. v. Hoag, 90 Ill. 339, it must be held that when the jury have evidence

of injury by water coming from different sources by different causes and all creating damage, the jury must be left at liberty to estimate, as best they may, from the evidence, how much of the whole damage was occasioned by the water coming from a particular source from a particular cause. When the court tries the case without a jury, as here, the same rule must be applied. On the facts before the court there was evidence to sustain the finding although the evidence is conflicting as to whether the filling in of the trestle tended to contribute to the injury. In such case we are not warranted in setting aside a verdict. The objection that the suit can not be maintained in St. Clair County, the land alleged to be injured lying in Madison County, is not sustained, as when an injury has been caused by an act in one county to land situated in another, the venue may be laid in either. Pilgrim v. Mellor, 1 Ill. App. 448; Gould's Pleading, Chap. 3, 108; 1 Chitty on Pleading, 269. And the obstruction complained of in this case is in St. Clair County.

The judgment is affirmed.

*Judgment affirmed.*