### Robert F. Crabb, Appellant, v. Charles Young, Appellee.

1. APPEALS AND ERRORS—*what justifies pro forma reversal.* If an appellee fails to file a brief and argument, it is within the power of the Appellate Court of the Third District, pursuant to its rules, to reverse and remand *pro forma.*

2. VENUE—*of action to recover statutory penalty for cutting timber.* Such an action is local and not transitory and must be instituted in the county in which the land upon which the timber in question was cut was situated.

Action in debt. Appeal from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

VOSE & CREEL, for appellant.

No briefs filed by appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in debt brought by appellant against appellee in the Circuit Court of McDonough county to recover a statutory penalty for cutting timber upon the lands of appellant, alleged in the declaration to be situated in the county of Fulton. Appellee interposed a general demurrer to the declaration, which demurrer was sustained by the court, and appellant having elected to abide his declaration judgment was entered against him in bar of the action, and for costs of suit. Appellee has filed no brief and argument in this court and the judgment might, therefore, be reversed and the cause remanded, *pro forma,* but we have chosen, as we have the right to do, to consider and determine the case upon its merits.

Section 5, Chapter 136 of the Revised Statutes provides as follows:

"Any person who shall cut, fell, box, bore or destroy, or carry away any black walnut, black, white, yellow or red oak, whitewood, poplar, wild cherry, blue ash, yellow or black locust, chestnut, coffee or sugar tree, or sapling, standing or growing upon lands belonging to any other person or persons, without having first obtained permission so to do from the owner or owners of such lands, shall forfeit and pay for such tree or sapling so cut, felled, boxed or bored or destroyed, the sum of $8; and every person who shall cut, fell, box, bore or destroy any tree or sapling not herein above named and enumerated, standing or growing upon land belonging to any other person or persons, without permission as aforesaid, shall forfeit and pay for every such tree or sapling so cut, felled, boxed bored or destroyed the sum of $3."

Section 6 provides that the said fines shall be recoverable, with costs of suit, either by action of debt in the name and for the use of the owner or owners of the land, or by action *qui tam* in the name of any person who will first sue for and recover the same.

It is admitted by counsel for appellant that the
trial court sustained the demurrer to the declaration
upon the ground that the cause of action therein alleged
was local and not transitory, and that an action to
recover the fine imposed by the statute could only
properly be brought in Fulton county, where the lands
were situated.

Section 6 of the Practice Act provides in part, as fol-
lows: "It shall not be lawful for any plaintiff to sue
any defendant out of the county where the latter resides
or may be found, except in local actions, and except
that in every species of personal actions in law where
there is more than one defendant, the plaintiff com-
mencing his action where either of them resides, may
have his writ or writs issued directed to any county or
counties where the other defendant, or either of them
may be found."

In Cooley on Torts, 2nd. Ed. 451, the distinction be-
tween local and transitory actions is stated thus: "If
the cause of action is one that might have arisen any-
where, then it is transitory, but if it could only have
arisen in one place, then it is local; and for the most
part, actions which are local are those brought for the
recovery of real estate or for injuries thereto, or for
easements."

In Howard v. Ingersoll, 17 Ala. 780, it was held that
an action to recover damages for overflowing a mill
was local.

In Eachus v. Trustees, 17 Ill. 534, an action for
flooding land was held to be local and required to be
brought in the place where the land lies. In the City
of Marysville v. North Bloomfield, 66 Cal. 343, an ac-
tion in relation to a nuisance which causes injury to
land was held to be local. In Nashville Ry. Co. v.
Weaks, 13 Lea. 148, an action to recover damages for
wilfully burning corn, trees and fences was held to be
local and required to be brought where the land lies.

It is conceded by counsel for appellant that trespass
*quare clausum fregit,* as well as an action to recover

damages for waste, are local actions. The action in debt which the statute provides may be brought by the owner of land to recover a fine for cutting timber thereon is so nearly akin to the class of actions last named that we are unable to appreciate any substantial reason why the same rule should not be applied.

The demurrer to the declaration was properly sustained and the judgment will be affirmed.

*Affirmed.*