## MARCHMAN *v.* BROWN.

BECK, J.  1. Where, to a judgment rendered by the ordinary upon application to remove alleged obstructions from a private way, a certiorari is sued out to the superior court, and the answer of the ordinary to the writ of certiorari states incorrectly the facts as shown upon the trial, or is incomplete in that it fails to send up pleadings which should have been incorporated in the record, the proper remedy for the party complaining of the incorrectness or incompleteness of the answer is by exception to it, and not by motion to dismiss the petition for certiorari. *Star Glass Co.* v. *Longley,* 64 *Ga.* 576.

2. Proceedings of the character indicated are in the nature of proceedings

to abate a nuisance, and should be brought in the county in which the obstructions are situated. And if obstructions are placed in a road which crosses the line between two counties, some of them being in one county and some in the other, proceedings for their removal should be brought in each of the two counties, respectively, where such obstructions are. The ordinary of either of the two counties is without jurisdiction to pass upon an application for the removal of obstructions not lying in the county in which he holds office; and the ordinary whose judgment was under review in the superior court correctly so held.

3. There was sufficient evidence to authorize the judge of the superior court, upon hearing the petition for certiorari and the answer of the ordinary thereto, to remand the case for a new hearing as to the alleged obstructions complained of in the county of Greene. The court erred, however, in adjudging that the ordinary of that county had jurisdiction to entertain the application for the removal of the obstructions in that part of the road lying in the adjoining county of Hancock. Consequently, the judgment of the court below is affirmed in so far as it reversed the judgment of the ordinary of Greene county in regard to the obstructions in that part of the road lying in said county, but it is reversed in so far as it directs the ordinary of Greene county to pass upon the merits of the complaint as to the obstructions in that part of the road which lies in the adjoining county of Hancock.

*Judgment reversed in part and affirmed in part. All the Justices concur, except Fish, C. J., absent.*

APRIL 16, 1915.

Certiorari. Before Judge Park. Greene superior court. January 29, 1914.

*Lewis, Davison & Lewis,* for plaintiff in error.
*Samuel H. Sibley,* contra.