THE CITY OF GENEVA *et al.,* Plaintiffs-Appellees, v. THE METROPOLI-
TAN AIRPORT AUTHORITY *et al.,* Defendants-Appellants.

Second District   No. 2—87—0526

Opinion filed September 16, 1987.—Rehearing denied November 10, 1987.

Steven H. Hoeft, William P. Schuman, and Mark E. Shure, all of McDermott, Will & Emery, of Chicago, for appellants.

Robert F. Casey and Theodore G. Schuster, both of Casey & Krippner, of Geneva, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal pursuant to Supreme Court Rule 306(a)(1)(iv) (107 Ill. 2d R. 306(a)(1)(iv)) from an order of the circuit court of Kane County denying defendants' section 2—104 motion to transfer venue to Du Page County. (Ill. Rev. Stat. 1985, ch. 110, par. 2—104.) The complaint consists of six counts: count I, declaratory judgment and injunctive relief; count II, *quo warranto*; count III, *quo warranto*; count IV, *mandamus*; count V, injunction; and count VI, injunction. We reverse.

The question for our review is: Did the lower court err in denying the motion of the defendants to transfer the venue of this proceeding to the circuit court for the Eighteenth Judicial Circuit, Du Page County, Illinois, pursuant to section 2—103(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—103(a)) in light of the undisputed fact that the defendant Du Page Airport Authority is a municipal corporation whose principal office is located in Du Page County?

Plaintiffs filed their complaint in the circuit court for the Sixteenth Judicial Circuit, Kane County, Illinois. The complaint seeks equitable relief based upon the plaintiffs' contention that certain amendments to "An Act in relation to airport authorities" (Ill. Rev. Stat. 1985, ch. 15½, pars. 68.1 through 68.20), which became effective on January 26, 1987, pursuant to Public Act 84—1473, are unconstitutional. Those amendments, among other things, created the Du Page Airport Authority, a municipal corporation that is one of the defendants in this action.

Defendants filed a motion to transfer the venue of this case to the circuit court for the Eighteenth Judicial Circuit, Du Page County, Illinois, pursuant to section 2—103(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—103(a)), which provides that an action against a municipal corporation must be brought in the county in which its principal office is located. In support of their motion, defendants submitted the affidavit of Thomas Fawell, Sr., the chairman of the board of commissioners of the Du Page Airport Authority, who stated that the principal office of the Du Page Airport Authority is located in Du Page County, Illinois. This fact was not disputed by plaintiffs.

The trial court denied the motion to transfer venue. The trial court held that it was not required to follow the mandate of section 2—103(a)

of the Code of Civil Procedure since the interests of "judicial economy" would be better served if the lawsuit remained in Kane County. The trial court also held that venue was proper in the Sixteenth Judicial Circuit because real estate located there was "affected" by the lawsuit.

Defendants filed their petition for leave to appeal the trial court's order. That petition was granted by this court.

Section 2—101 of the Code of Civil Procedure provides in pertinent part:

> "*Except as otherwise provided in this Act,* every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—101.

Section 2—103 of the Code of Civil Procedure provides in pertinent part:

> "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located. Actions to recover damage to real estate which may be overflowed or otherwise damaged by reason of any act of the corporation may be brought in the county where the real estate or some part of it is situated, or in the county where the corporation is located, at the option of the party claiming to be injured." Ill. Rev. Stat. 1985, ch. 110, par. 2—103(a).

Plaintiff makes an admirable effort to raise "transaction venue" and tries to direct the court to search for a "legitimate basis for venue." However, the supreme court stated the governing principle clearly:

> "It is a settled rule of statutory construction that where there is found in a statute a particular enactment, it is held to be operative as against the general provisions on the same subject either in the same act or in the general laws relating thereto." (*People ex rel. Myers v. Pennsylvania R.R. Co.* (1960), 19 Ill. 2d 122, 129.)

This principle was followed in *Harrell v. Board of Trustees* (1977), 48 Ill. App. 3d 319, 321, where the court relied on the *Myers* decision in applying the proposition that a specific venue provision always prevails over a general one.

■ Section 2—101, pursuant to its own language ("[e]xcept as oth-

erwise provided" (Ill. Rev. Stat. 1985, ch. 110, par. 2—101)), clearly takes second place to the specific provision of section 2—103(a). The action must be brought in Du Page County, the county in which Du Page Airport Authority has its principal office, unless there is an exception.

In *Harrell*, the court considered the combination of individual defendants and a public governmental corporation and ruled that the action must be brought in the county where the public governmental corporation had its principal office. 48 Ill. App. 3d 319, 321.

In *Winston v. Mitchell* (1977), 53 Ill. App. 3d 206, the court considered the same venue provisions and applied them to a township defendant. The *Winston* court reversed the trial court and ordered the matter transferred to the county where the principal office of the township defendant was located. 53 Ill. App. 3d 206, 208-10.

In *Lawless v. Village of Park Forest South* (1982), 108 Ill. App. 3d 191, the court was asked to apply the same venue provisions to a cause with municipal defendants from different counties. The court held that when multiple public corporations with principal offices in different counties are joined as defendants in a single action, venue is proper in the county of residence (where the principal office is located) of any public corporation joined in good faith. (108 Ill. App. 3d 191, 197.) That was an exception to the statutory language based on a case-by-case examination of relevant factors. We do not find that reasoning controlling in the matter before the court, where we have one municipal or governmental corporation defendant joined with individual defendants.

■ Plaintiff contends there are other venue options. Plaintiff's argument that "if you come into my county and engage in a transaction leading to a lawsuit, you waive the right to be sued in your home county," is unsupported by any pertinent citation of authority. However, the plaintiff does call our attention to the second sentence of section 2—103(a) of the Code of Civil Procedure:

> "Actions to recover damage to real estate which may be *** otherwise damaged by reason of any act of the [municipal] corporation *may be brought* in the county where the real estate or some part of it is situated, or in the county where the [municipal] corporation is located, at the option of the party claiming to be injured." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—103(a).

During his oral opinion, the trial judge stated:

> "Additionally, if Section 2—103(a) were to control as argued by Defendants, there is language in that section that indicates that where real estate may be damaged by any act of the governmen-

tal corporation, actions may be brought where the real estate or some part of it is situated."

We searched the complaint for a prayer to recover damages to real estate and can find none. The equitable relief requested does not invoke the sentence referred to.

■ Plaintiff also urges dismissal of the appeal, calling the court's attention to Supreme Court Rule 306 where, in pertinent part, it reads:

"An appeal may be taken in the following cases only on the allowance by the Appellate Court ***:

* * *

(iv) from an order of the circuit court granting or denying a motion for a transfer of venue based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other legitimate basis for venue in that county has been offered by the plaintiff ***." 107 Ill. 2d R. 306(a).

Plaintiff invites this court to recognize that more than one basis for venue can exist other than pure residency. We do. However, where a public governmental corporation is defendant, section 2—103 limits venue to the county in which its principal office is located (residency), with the exception that in actions to recover damages to real estate venue may be found in the county where the real estate is located (one type of nonresidency). We do not believe Supreme Court Rule 306 invites us to explore beyond the areas open to consideration by the trial court.

■ Finally, we note the use of the word "must" in section 2—103 evidences a legislative intent to make the provision mandatory. (*People v. Emrich* (1986), 113 Ill. 2d 343, 350.) Generally, use of the word "must" in a statute is regarded as mandatory. (*Sostak v. Sostak* (1983), 113 Ill. App. 3d 954, 960.) A primary rule of statutory construction requires a court to ascertain the intention of the legislature and give it effect. (113 Ill. App. 3d 954, 960.) Section 2—103 is mandatory.

For the foregoing reasons, the order of the circuit court of Kane County denying the motion for transfer of venue is reversed, and the cause is remanded to that court with directions to allow the motion to transfer. Ill. Rev. Stat. 1985, ch. 110, par. 2—103(a).

Reversed and remanded with directions.

HOPF and WOODWARD, JJ., concur.