DOLORES JOHNSON *et al.*, Plaintiffs-Appellees, v. COMPOST PRODUCTS, INC., Defendant-Appellant (Elizabeth A. Bates, Contemnor-Appellant; Jim Whalen *et al.*, Plaintiffs; West Suburban Bank, as Trustee, Defendant).— DOLORES JOHNSON *et al.*, Plaintiffs-Appellees, v. COMPOST PRODUCTS, INC., Defendant-Appellant (Jim Whalen *et al.*, Plaintiffs; West Suburban Bank, as Trustee, Defendant).

Second District   Nos. 2—99—0838, 2—99—1032 cons.

Opinion filed June 13, 2000.

Paul J. Bargiel, of Paul J. Bargiel, P.C., of Chicago, and Elizabeth A. Bates, of Huck, Bouma, Martin, Charlton & Bradshaw, P.C., of Wheaton, for appellants.

Dallas C. Ingemunson, of Law Offices of Dallas C. Ingemunson, P.C., of Yorkville, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

In this consolidated appeal, contemnor, Elizabeth A. Bates, a licensed attorney representing defendant, Compost Products, Inc., appeals from an order of the circuit court of Kendall County finding her in direct criminal contempt of court and imposing a $50 fine. Defendant appeals from the trial court's finding that defendant's mushroom composting business constituted a private nuisance and its subsequent entry of an injunction. Plaintiffs to this appeal include Dolores Johnson, Mark Johnson, Larry Larson, Condon Farms, Inc., Russ

Hinterlong, Steven Gravley, Dale Bowen, David Chelsen, and Lori Chelsen. We reverse and remand.

In April 1997 plaintiffs, Dolores Johnson, Mark Johnson, Larry Larson, Jim Whalen, Condon Farms, Inc., Beverly Hook, Darien Hook, Russ Hinterlong, Patricia J. Komes, Milton E. Hook, Marina Abbott, David Elmore, Hugh McAuley, Frances Gravley, Kay Elmore, Steven Gravley, Dale Bowen, Earl Eike, Ralph Dannenberg, Michael Kerry, David Verbarg, David Chelsen, and Lori Chelsen, filed a complaint in the circuit court of Kendall County. Plaintiffs also named West Suburban Bank as a defendant; however, it is not a party to this appeal. Plaintiffs' complaint alleged that the operation of defendant's business, a compost farm, "results in an emission of a strong offensive odor which has a serious detrimental effect upon the life and enjoyment" of plaintiffs. In their complaint, plaintiffs sought a permanent injunction restraining defendant from "permitting the emission of noxious and offensive odors."

On June 20, 1997, defendant filed a motion to transfer venue, pursuant to section 2—104 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—104 (West 1996)), and attached the affidavit of David Woldman, defendant's president. Defendant stated that, because it is a corporation with its registered office located in Du Page County and its compost business located in La Salle County, it is a resident of either Du Page or La Salle County but not Kendall County. Defendant also contended that the alleged "transaction" out of which plaintiffs' cause of action arose was located at the site of its compost operation in La Salle County. Defendant concluded that, because no defendant resided in Kendall County and no transaction, or some part thereof, occurred in Kendall County, venue in Kendall County was improper. Defendant requested that the matter be transferred to the circuit court of La Salle County or another appropriate venue. On June 27, 1997, the trial court denied defendant's motion to transfer venue.

Following the trial court's denial of defendant's motion to transfer venue, defendant moved to transfer venue based on the doctrine of forum *non conveniens* (735 ILCS 5/2—101 (West 1996)). The trial court denied defendant's motion. In January 1998 defendant moved to dismiss plaintiffs' complaint pursuant to section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 1998)), alleging that plaintiffs' cause of action was barred by the Farm Nuisance Suit Act (740 ILCS 70/0.01 *et seq.* (West 1998)). In May 1998 the trial court denied defendant's motion to dismiss.

Thereafter, defendant filed its answer, affirmative defenses, and counterclaim. Plaintiffs filed their answer, and the cause was set for trial. On June 21, 1999, the trial commenced. After plaintiffs' counsel

completed the direct examination of their first witness, the trial court and counsel engaged in the following colloquy:

"MR. INGEMUNSON [Plaintiffs' attorney]: I have no further questions, Your Honor.

THE COURT: Cross?

* * *

Q. [Mr. Bargiel, defense attorney:] I want to show you what's been marked as Plaintiffs' Exhibit—may I approach the witness?

THE COURT: If your legs are working, yes. If you ask that question again, I'm going to hold you in contempt and fine you 50 bucks; all right?

MR. BARGIEL: Okay."

On June 22, 1999, during the next day's afternoon session, the trial court and defendant's counsel engaged in the following colloquy:

"THE COURT: *** Do you have any other witnesses?

MR. BARGIEL: Yes, your Honor. The next witness is *** outside.

MS. BATES [Defense attorney]: May I approach?

THE COURT: That will cost you 50 bucks because you were in court yesterday and heard the admonishment that I gave. You are in contempt.

MS. BATES: For the record, I object to it.

THE COURT: Okay, but pay the 50 bucks.

MS. BATES: For the record, also, your Honor, the statement about the contempt was about approaching the witness, not approaching your Honor.

THE COURT: It's still going to cost you $50. If you want to argue, it's going to cost you $100.

* * *

MS. BATES: I have nothing more, your Honor."

The June 22, 1999, order directed contemnor to pay the $50 fine within 10 days. At the conclusion of the trial, the parties submitted written closing arguments. On August 13, 1999, the trial court issued its letter opinion. The trial court found that a strong odor emanates from defendant's place of business, which interferes with the enjoyment of the properties owned by plaintiffs. The trial court further found that the odor constituted a nuisance and determined that an injunction would be entered. On September 3, 1999, the trial court entered an injunction, finding that defendant's business constituted a private nuisance and giving defendant six months to eliminate "the dissemination of obnoxious odors." Defendant timely appeals from the trial court's entry of the injunction, and contemnor timely appeals from the trial court's finding of contempt.

■ ■ With respect to contemnor's appeal, criminal contempt of court is defined as conduct calculated to embarrass, hinder, or obstruct

a court in its administration of justice or to derogate from its authority or dignity, thereby bringing the administration of law into disrepute. *People v. Willson*, 302 Ill. App. 3d 1004, 1005 (1999), citing *People v. Simac*, 161 Ill. 2d 297 (1994). Direct criminal contempt results when the contemptuous conduct occurs in the presence of the trial court. *Willson*, 302 Ill. App. 3d at 1005. Before citing an individual with contempt, the trial court must find that the conduct was willful. *Willson*, 302 Ill. App. 3d at 1005, citing *People v. Ernest*, 141 Ill. 2d 412 (1990). The elements of criminal contempt, an intent and an act, must be proved beyond a reasonable doubt. *In re Marriage of Bartlett*, 305 Ill. App. 3d 28, 31 (1999). The trial court's power to impose a finding of contempt is " 'a delicate one, and care is needed to avoid arbitrary or oppressive conclusions.' " *Simac*, 161 Ill. 2d at 306, quoting *Cooke v. United States*, 267 U.S. 517, 539, 69 L. Ed. 767, 775, 45 S. Ct. 390, 396 (1925). Our standard of review is whether sufficient evidence exists to support a finding of contempt and whether the trial court considered facts outside of its personal knowledge. *Simac*, 161 Ill. 2d at 306. Our review may also consider provocation or legal error committed by the trial court. *People v. Bell*, 276 Ill. App. 3d 939, 945 (1995).

■ In light of the aforementioned principles, we conclude that the evidence is insufficient to support contemnor's conviction of direct criminal contempt. This court must look to the surrounding circumstances and the character of the action of the contemnor. *People ex rel. Kunce v. Hogan*, 67 Ill. 2d 55, 61 (1977). In the present case, on the first day of trial, defense counsel Bargiel asked whether he could approach the witness. The trial court informed counsel that, if he asked that question again, he would be found in contempt and fined. The following day, a different attorney representing defendant asked whether she could approach the bench. At that time, the trial court found her in contempt based on the perceived violation of the previous day's warning. The record reflects contemnor's understanding that she was not to inquire again as to whether she could approach a witness. However, on the second occasion, it was a request to approach the bench. The second request appears to be either, at best, a question demonstrating common courtesy and deference to the bench; at worst, a simple misunderstanding. Based on the record presented to us, we believe that contemnor's conduct was clearly not intended to embarrass, hinder, or obstruct the trial court and the proceedings. Therefore, we reverse the trial court's order finding contemnor in direct criminal contempt of court and its assessment of a $50 fine against her.

■ As for defendant's appeal, the first issue is whether the trial court erred in denying defendant's motion to transfer venue from

Kendall County. Under section 2—101 of the Code, "[e]xcept as otherwise provided in this Act," venue generally will lie "in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment" or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2—101 (West 1998). Section 2—102 of the Code provides further that an Illinois corporation authorized to transact business in Illinois "is a resident of any county in which it has its registered office or other office or is doing business." 735 ILCS 5/2—102(a) (West 1998). Statutes relating to venue reflect a legislative determination that a party should not be required to defend an action in a county that has little or no relation to the party or the transaction that is the subject of the suit. *Melliere v. Luhr Bros., Inc.*, 302 Ill. App. 3d 794, 796 (1999). A trial court has broad discretion when determining where venue is proper, and its decision will not be overturned absent an abuse of discretion. *Long v. Gray*, 306 Ill. App. 3d 445, 449 (1999), citing *Stambaugh v. International Harvester Co.*, 102 Ill. 2d 250, 263 (1984). But see *Lake County Riverboat, L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943 (2000) (proceeding under a *de novo* review in a suit against a state agency). We recognize the different standard of review established by *Lake County Riverboat* but decline to adopt it and rather will follow the standard previously enunciated by our supreme court in *Stambaugh*.

In the present case, the record reflects that defendant is an Illinois corporation with its registered office and business office located in Du Page County. Defendant's compost farm is located in La Salle County. The affidavit of David Woldman, defendant's president, also states that defendant does not have an office in Kendall County and conducts no business in Kendall County. Therefore, under the first portion of section 2—101 of the Code, Kendall County is an improper venue because defendant does not reside or do business in Kendall County.

The second portion of section 2—101 states alternatively that venue will lie "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2—101 (West 1998). The parties do not appear to dispute that the cause of action arose out of the activities conducted upon the premises of defendant's compost farm in La Salle County. However, plaintiffs suggest that the phrase "some part thereof" should be interpreted broadly and argue that the "some part thereof" of the cause of action occurred when they inhaled the air on their property in Kendall County, resulting in an intrusion of the obnoxious odor into their homes and to their olfactory organs. In support of their argument, plaintiffs cite to *Peterson v. Monsanto Co.*, 157 Ill. App. 3d 508 (1987),

and state that venue was established in *Peterson* when the plaintiffs suffered injury as a result of spraying and ingesting pesticides.

A careful reading of *Peterson* contradicts plaintiffs' conclusion and ultimately fails to support their theory. In *Peterson*, 32 plaintiffs filed a suit in Madison County against Monsanto Company and Dow Chemical Company for injuries they received from exposure to dioxins. Some plaintiffs were employees of Union Electric Company and others were employees of Arkansas-Missouri Power Company. Under the direction of their employer, the plaintiffs engaged in spraying herbicides containing dioxins or were required to work in areas that had been recently sprayed with herbicides containing dioxins. Generally, the plaintiffs were exposed while they sprayed herbicides on numerous occasions at numerous sites in Illinois and Missouri. Defendant Monsanto moved to transfer for wrongful venue. The trial court denied Monsanto's motion.

The reviewing court found that venue was proper in Madison County as to only 5 of the plaintiffs and reversed as to the other 27 plaintiffs. The discovery process established that Union Electric had kept detailed records of the herbicide spraying activities, including chemical treatment reports. The reports identified the employees by name, the type of herbicide, and the location of the spraying. An examination of the reports reflected that only 5 of the 32 plaintiffs engaged in herbicide spraying in Madison County. Therefore, venue in Madison County was proper only as to those five plaintiffs. *Peterson*, 157 Ill. App. 3d at 513.

Plaintiffs' reliance on *Peterson* is misplaced. During the time the five *Peterson* plaintiffs were actively applying the herbicide containing dioxins, they were situated in Madison County. Therefore, "some part" of the transaction clearly took place in Madison County. In the present case, however, the facts reveal that, at all times, defendant's compost is prepared and stored at defendant's farm in La Salle County. The compost product itself is never situated in Kendall County, and all events associated with preparing the compost for its eventual sale to Vlasic Foods in West Chicago is in La Salle County. Apparently the only component of defendant's compost operation that enters Kendall County is the resulting odor that emanates from the preparation of the compost.

The question in this case thus becomes, for purposes of establishing proper venue, whether a corporation that maintains its registered office in Du Page County, has its business office in Du Page County, and conducts a farming operation on agricultural property in La Salle County may be sued in Kendall County when the only contact with Kendall County is the resulting odor, albeit malodorous, that emanates

from the La Salle County farm to Kendall County by virtue of the wind and its inherent qualities.

■ At common law, all causes of action were classified as either transitory or local for purposes of venue. *Peile v. Skelgas, Inc.*, 242 Ill. App. 3d 500, 513 (1993), *rev'd on other grounds*, 163 Ill. 2d 323 (1994). A transitory action followed the defendant and could be brought in any county where the defendant was found. *Peile*, 242 Ill. App. 3d at 513-14. A local action typically involved real estate and could be brought only in the county where the property was located. See *Crabb v. Young*, 146 Ill. App. 48 (1908). Our legislature modified these common-law rules by enacting venue statutes. See 735 ILCS 5/2—101 *et seq.* (West 1998).

Even under the venue statutes, however, certain actions remain local actions and must be brought in a particular county. See 735 ILCS 5/2—103 (West 1998). Certain actions that may "affect real estate" are required to be brought in the county where the real estate is situated. In *Swigart v. Commissioners of Highways*, 277 Ill. 281 (1917), the plaintiff sought an injunction against the defendants in the circuit court of Champaign County to restrain the defendants from opening up a public road and trespassing on his land, which was located in Piatt County. Our supreme court found that the plaintiff's action affected real estate and, therefore, was required to be brought in the county where the land was situated. *Swigart*, 277 Ill. at 285; see also *Munger v. Crowe*, 219 Ill. 12 (1905) (stating that, although the effect of an injunction would be primarily upon the persons enjoined, the practical and ultimate effect would be upon the real estate).

■ Generally, with respect to nuisance actions, an action to enjoin or abate a nuisance is local in nature and must be brought where the nuisance exists. Annotation, *Venue of Suit to Enjoin Nuisance*, 7 A.L.R.2d 481 (1949); see also *Illinois v. City of St. Louis*, 10 Ill. 351 (1848) (holding that the nuisance action was properly brought in the county where the nuisance was being created and stating that the subject of the suit was local and that a local action must be commenced in the county of its locality unless authorized by statute to be commenced elsewhere). In the present case, plaintiffs filed an action sounding in nuisance against defendant seeking to permanently enjoin defendant from releasing odors into the air. If a nuisance is found to exist, it will be found to exist in La Salle County and not Kendall County. Because the practical and ultimate effect of an injunction against defendant would affect defendant's land situated in La Salle County, we find that plaintiffs' nuisance action against defendant is local in nature. Therefore, section 2—103 applies to determine venue.

■ In reconciling sections 2—101 and 2—103 of the Code to

determine venue in the present case, we note that a specific venue provision always prevails over a general one. See *Harrell v. Board of Trustees*, 48 Ill. App. 3d 319, 321 (1977). Therefore, section 2—101 of the Code, by its own language ("[e]xcept as otherwise provided" (735 ILCS 5/2—101 (West 1998))), is subordinate to the provisions of section 2—103. *City of Geneva v. Metropolitan Airport Authority*, 161 Ill. App. 3d 419, 421-22 (1987). Under the facts of this case, we believe that venue does not properly lie in Kendall County. We conclude, therefore, that plaintiffs' action should have been brought in La Salle County, where defendant's farm is situated.

■ The instant case presents us with an interesting question with respect to venue when the alleged nuisance and the purported "injury" are located in different counties. A paucity of case law exists, evidenced by the elder nature of the precedents. However, because this is a common-law tort, the older law is still instructive. In reaching our decision, we are mindful of the unique type of nuisance, a nontoxic odor, and the way in which it reached plaintiffs, through the air currents. We are also mindful that the alleged nuisance has not physically invaded plaintiffs' properties because, if it had, then venue would be entirely appropriate in either county. See *Ohio & Mississippi Ry. Co. v. Combs*, 43 Ill. App. 119 (1892).

We agree with other court decisions supporting the narrow proposition that, where the thing alleged to be a nuisance, but not a physical nuisance, is located in one county and affects rights, but not property rights, of others in another county and causes no physical injury, the action should be brought in the county where the nuisance or condition creating it is located. See *Mississippi & Missouri R.R. Co. v. Ward*, 67 U.S. 485, 17 L. Ed. 311 (1862); *Marchman v. Brown*, 143 Ga. 335, 85 S.E. 99 (1915); *Horne v. City of Buffalo*, 1 N.Y.S. 801 (1888).

To fix venue in Kendall County based upon the prevailing winds at the time of inhalation would be a distortion of the plain meaning of the words of the venue statutes. Defendant has no connection with Kendall County at any time, and there is no connection between Kendall County and the composting activities that gave rise to this suit. Obtaining the proper venue is an important privilege and is clearly meant to protect a defendant from being sued in a county arbitrarily selected by a plaintiff. To hold that defendant in the present case may be sued in any county in which its odors may waft would be contrary to the intent of the legislature and extend the venue statutes beyond their limits.

Based on our review of the record and applicable case law, we hold that the trial court abused its discretion when it denied defendant's motion to transfer venue. Our resolution of this issue obviates the need to address defendant's other issues on appeal.

For the foregoing reasons, the judgment of the circuit court of Kendall County finding contemnor in direct criminal contempt and assessing a $50 fine against her in No. 2—99—0838 is reversed. With respect to No. 2—99—1032, the judgment of the circuit court denying the motion to transfer venue is reversed, and its subsequent entry of an injunction against defendant is vacated; the cause is remanded to the trial court for transfer to a county of proper venue and for further proceedings consistent with this opinion.

No. 2—99—0838, Reversed.
No. 2—99—1032, Reversed and remanded; injunction vacated.

INGLIS and THOMAS, JJ., concur.